JOURNAL ENTRY AND OPINION
{¶ 1} Terrance Moore ("Moore") appeals the convictions and sentences imposed by the Cuyahoga County Common Pleas Court. Moore argues that the State of Ohio interfered with his right to counsel of his choice, that it failed to order a professional mental health evaluation, that it violated his right of confrontation and allowed impermissible hearsay testimony into evidence, that he received ineffective assistance of counsel, and that his sentences are contrary to law. For the following reasons, we affirm the convictions and sentence but remand for the limited purpose of correction.
 {¶ 2} This appeal involves two criminal cases, CR427648 and CR445445. The first of two cases, CR427648 resulted from the execution of a search warrant of Moore's trailer on May 9, 2002. During the search, officers confiscated 161.34 grams of powder cocaine, 18.33 grams of crack cocaine, a handgun, and numerous items of drug paraphernalia, some of which contained cocaine residue. While officers searched the trailer, Moore indicated to police that he wanted to cooperate. Moore then provided officers with information about his supplier and made some calls for police.
 {¶ 3} Subsequently, the Cuyahoga County Grand Jury indicted Moore with two counts of trafficking in drugs, two counts of possession of drugs, and one count of having a weapon while under disability, CR427648. At his September 12, 2002 arraignment, attorney James Willis ("Willis") represented Moore, who entered a plea of not guilty. However, on October 8, 2002, Willis moved to withdraw as counsel for Moore, citing irreconcilable differences concerning Moore's defense. The trial court removed Willis and assigned the Cuyahoga County Public Defender to represent Moore.
 {¶ 4} During Fall 2002, the public defender requested competency to stand trial and sanity at the time of act evaluations. The trial court ordered the evaluations, and on January 13, 2003, the Court Psychiatric Clinic found Moore both competent to stand trial and sane at the time of the act. Then in Spring 2003, the public defender requested an independent test of Moore. The trial court assigned Dr. Karpawich who on June 3, 2003, determined that Moore was not competent but that he was restorable. The trial court ordered Moore to report to Northcoast Behavioral Healthcare, where he was admitted on September 8, 2003. On September 30, 2003, Dr. Alice Holly, Ph.D. conducted a competency evaluation of Moore and determined that while it was "quite likely" that Moore suffered from a psychotic disorder, "malingering cannot be totally ruled out." Moore returned to court and the trial court released him on bond.
 {¶ 5} While Moore was out on bond, the Cleveland Police Narcotics Unit began an investigation using an informant who would contact Moore's assistants in drug trafficking. After several controlled buys from Moore and his assistants, officers arrested Moore. At the time of the arrest, the officers confiscated 108.75 grams of crack cocaine from the basement of the house, and 3.84 and 12.49 grams of crack cocaine from the trunk of Moore's vehicle. Officers also searched Moore's trailer.
 {¶ 6} The Cuyahoga County Grand Jury indicted Moore with three counts of trafficking in drugs, two counts of possession of drugs, three counts of trafficking in drugs with major drug offender specifications, two counts of possession of drugs with major drug offender specifications, and one count of possession of criminal tools.
 {¶ 7} After the indictment, the Court Psychiatric Clinic evaluated Moore on two separate occasions. Both requests were made by defense counsel and both evaluations returned findings of competency. The trial court then transferred Moore's cases to the mental health docket.
 {¶ 8} The new trial court conducted a competency hearing in February 2004 and found Moore competent to stand trial. During the hearing, the doctor testified that Moore did more poorly than in fact he is able. However, defense counsel requested another competency evaluation and specifically requested Dr. Dutton. The court referred Moore to Dr. Dutton, who not only found Moore competent, but also made a diagnosis of malingering, antisocial personality disorder, borderline intellectual functioning, and chemical dependency.
 {¶ 9} Moore's bench trial commenced June 9, 2004, and continued through June 17, 2004. At the close of the state's case, the trial court granted Moore's motion for acquittal as to count one of CR427648 and denied the motion as to all remaining charges.
 {¶ 10} On June 21, 2004, the trial court found Moore guilty on all charges except count twelve in CR445445. The trial court then ordered the state to elect between counts two and four in CR427648 and between counts five and six, counts eight and nine, and between counts ten and eleven in CR445445. The state elected to proceed on count two of CR427648 and on counts five, eight, and ten in CR445445.
 {¶ 11} On December 13, 2004, the trial court, after ordering yet another competency evaluation, sentenced Moore to a total of twelve years in prison. In CR427648, Moore received a total of two years to run consecutive to the ten years received on CR445445.
 {¶ 12} Moore appeals, raising the eight assignments of error contained in the appendix to this opinion.
 {¶ 13} In his first assignment of error, Moore argues that the trial court committed error when it failed to dismiss both CR427648 and CR445445 because of the State's interference with his choice of defense counsel. This assignment of error lacks merit.
 {¶ 14} It is well settled that unlike the right to counsel, the right to choice of counsel is not absolute. State v. Patt,
Lake App. No. 2002-L-073, 2004-Ohio-2601. Instead, there is only a right to professionally competent, effective representation.State v. McNeill, 83 Ohio St.3d 438, 452, 1998-Ohio-293. A court must balance the right for choice of counsel against the interest in the administration of justice. State v. Hayslip
(May 6, 1991), Clinton App. No. CA90-05-012. The decision whether to dismiss court appointed counsel is within the sound discretion of the trial court. Id.
 {¶ 15} This case is unique from other choice of counsel cases in that Moore is not arguing that the trial court interfered with his choice of counsel. Instead, Moore is arguing that a police detective interfered with his choice of counsel. Specifically, Moore argues that on June 8, 2002, he told Detective Grafton that Willis was going to represent him and that Detective Grafton told him that Willis did not like to represent people working with the police. Because Moore planned on working with police detectives, he claimed that he was not able to choose Willis as his counsel.
 {¶ 16} This argument goes against the facts contained in the record. The conversation at the source of this assigned error took place on June 8, 2002. Two months later, Moore appeared in court for his arraignment where he was represented by Willis. Additionally, Willis continued to represent Moore until October 8, 2002, when Willis filed a motion to withdraw as counsel. It is clear from the record that the June 8, 2002 conversation between Moore and Detective Grafton had no impact on his choice of counsel. Moore chose Willis to represent him and Willis continued to do so until he and Moore parted ways in October 2002.
 {¶ 17} Therefore, we find that neither the trial court nor the police detective interfered with Moore's right to choice of counsel. Moore's first assignment of error is overruled.
 {¶ 18} In his second assignment of error, Moore argues that the trial court erred when it failed to order a mental health evaluation during trial. This assignment of error lacks merit.
 {¶ 19} R.C. 2945.37 requires a competency hearing if a request is made before trial. But, "if the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or by the court's own motion." R.C. 2945.37(B). Therefore, "the decision as to whether to hold a competency hearing once trial has commenced is in the court's discretion." State v. Rahman (1986), 23 Ohio St.3d 146, 156; see, also, State v. Ahmed (2004), 103 Ohio St.3d 27,2004-Ohio-4190. The right to a hearing "rises to the level of a constitutional guarantee where the record contains `sufficient indicia of incompetence,' such that an inquiry into the defendant's competency is necessary to ensure the defendant's right to a fair trial." Ahmed, 103 Ohio St.3d at ¶ 64, citingDrope v. Missouri (1975), 420 U.S. 162, 95 S.Ct. 896.
 {¶ 20} Accordingly, a trial court's decision not to hold a competency hearing once trial has commenced will not be overturned absent an abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore, (1983),5 Ohio St.3d 217, 219.
 {¶ 21} In the present case, the Court Psychiatric Clinic evaluated Moore three times prior to the commencement of trial, and each time, the Clinic found him competent to stand trial. After the first evaluation, Moore's attorney requested an independent evaluation, which the trial court granted. Dr. Karpawich conducted the independent evaluation and found him incompetent but determined that he could be restored. As a result, the trial court ordered Moore to Northcoast Behavioral Healthcare. After being at Northcoast only fourteen days, Dr. Alice Holly conducted a competency evaluation, finding Moore competent to stand trial. Dr. Holly also determined that although it was likely that Moore suffered from a psychotic disorder, she could not rule out malingering.
 {¶ 22} During the two subsequent evaluations, Dr. Nancy Huntsman concluded that Dr. Karpawich's assessment was invalid, that Moore did more poorly than he was able, and that he was competent to stand trial. Additionally, Dr. Dutton, along with finding Moore competent, diagnosed him as malingering with antisocial personality disorder, borderline intellectual functioning, and chemical dependency.
 {¶ 23} Trial commenced on June 9, 2004, and after six days of testimony, Moore's counsel made the request for a mid-trial competency evaluation. The trial court complied with the statute and conducted a hearing to determine whether Moore presented "good cause" to justify another evaluation and competency hearing. During the hearing, the trial court questioned Moore's attorney and Moore himself before concluding that Moore did not present any indication of incompetency. The trial court found that another evaluation was not necessary.
 {¶ 24} Taking into consideration the numerous determinations of competency along with the testimony elicited during the trial court's questioning of Moore and his attorney, we cannot say that the trial court abused its discretion in denying a mid-trial competency evaluation and hearing. Accordingly, Moore's second assignment of error is overruled.
 {¶ 25} In his third assignment of error, Moore argues that the trial court erred in letting chemists Tarcy Kramer and Scott Miller testify to chemist Crystal Seals' analysis. Chemist Crystal Seals was not employed with the Cleveland Police Department Scientific Investigation Unit at the time of Moore's trial. Moore argues that allowing Chemists Kramer and Miller to testify violated his right of confrontation and also constituted inadmissible hearsay. This argument lacks merit.
 {¶ 26} R.C. 2925.51(A) creates an exception to the hearsay rules.
 {¶ 27} That section states that:
"[T]he results of a laboratory analysis if prepared by a qualifying agency or accredited institution of higher learning constitute prima facie evidence of the content, identity, and weight, or the existence or number of dosages of the substance tested." State v. Hudson, Cuyahoga App. No. 79010, 2002-Ohio-1408.
 {¶ 28} Accordingly, the laboratory reports admitted at trial constituted prima facie evidence of the content, identity, and weight of the drugs. Had Moore desired to cross-examine Chemist Crystal Seals concerning her analysis, he needed to demand the testimony within seven days of receipt of the report. R.C.2925.51(C). Because Moore did not do so, the trial court did not violate Moore's right of confrontation, nor did it admit impermissible hearsay when it admitted the report without the testimony of Seals.
 {¶ 29} Moore's third assignment of error is overruled.
 {¶ 30} In his fourth assignment of error, Moore argues that the trial court erred when it imposed a term of imprisonment of ten years on count thirteen under the mistaken belief that this was a major drug offender conviction. In putting forth this argument, Moore fails to cite to any authority for this claim.
 {¶ 31} An appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7). State v. Martin (July 12, 1999), Warren App. No. CA-990-1-003, 1999 Ohio App. LEXIS 3266, citing Meerhoffv. Huntington Mortgage Co. (1995), 103 Ohio App.3d 164, 169;Siemientkowski v. State Farm Insurance, Cuyahoga App. No. 85323, 2005-Ohio-4295. "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), Summit App. Nos. 18349 and 18673, 1998 Ohio App. LEXIS 2028.
 {¶ 32} Moore failed to cite to any legal authority in support of his argument, a failure that allows this court to disregard this assigned error. App.R. 12(A)(2); App.R. 16(A)(7).
 {¶ 33} Nonetheless, this court will address this assigned error. Moore argues that the trial court sentenced him to the maximum term of imprisonment based on the erroneous belief that count thirteen, possession of drugs between 500 and 1000 grams, a first degree felony, contained a major drug offender specification. In support of his argument, Moore points to the trial court's journal entry, which lists count thirteen as possessing a major drug offender specification. However, the transcript of the sentencing hearing reflects that the trial court properly sentenced Moore to ten years on each of the first degree felony convictions. Nothing in the sentencing hearing reflects Moore's argument that his ten-year sentence for count thirteen was based upon a mistaken belief that a major drug offender specification applied. It is clear that the trial court's journal entry was a clerical error.
 {¶ 34} Accordingly, the trial court is ordered to correct its journal entry to reflect that count thirteen did not contain a major drug offender specification. Additionally, the trial court's journal entry refers to a conviction of count twelve, trafficking in drugs. The record reflects that Moore was acquitted of count twelve. Therefore, the trial court should also delete any reference to count twelve in its sentencing journal entry.
 {¶ 35} Moore's fourth assignment of error is sustained in part.
 {¶ 36} In his fifth assignment of error, Moore argues that his trial counsel rendered ineffective assistance when he failed to move for a dismissal based on Detective Grafton's June 8, 2002 conversation with Moore. This assignment of error lacks merit.
 {¶ 37} In order to prevail on a claim for ineffective assistance of counsel, Moore must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136. Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment."Strickland, supra, 466 U.S. at 687. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, supra,42 Ohio St.3d at 143.
 {¶ 38} In determining whether counsel's performance fell below an objective standard of reasonableness, "judicial scrutiny of counsel's performance must be highly deferential."Strickland, supra, 466 U.S. at 689. Because of the difficulties inherent in determining whether counsel rendered effective assistance in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 39} In the present case, Moore has not shown either of the elements required to prevail on a claim of ineffective assistance of counsel. Here, Moore merely argues that "counsel should have moved to dismiss these cases for the reasons set forth in Assignment of Error I. Counsel's failure to do so constitutes ineffective assistance." This allegation is far from showing that trial counsel "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Moreover, this Court has previously determined in our analysis of the first assignment of error, that the cases should not have been dismissed because there was no interference with Moore's choice of counsel. Therefore, we decline to find that Moore's trial counsel rendered ineffective assistance of counsel.
 {¶ 40} Accordingly, Moore's fifth assignment of error is overruled.
 {¶ 41} In his sixth assignment of error, Moore argues that the trial court erred by imposing consecutive sentences. We disagree.
 {¶ 42} R.C. 2929.14(E)(4) provides:
"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." See, also, State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 43} When a trial court imposes consecutive sentences under R.C. 2929.14(E)(4), it must also comply with R.C.2929.19(B)(2)(c), which requires that the trial court "make a finding that gives its reasons for selecting the sentences imposed." This requirement is separate and distinct from the duty to make findings required by R.C. 2929.14(E)(4). State v.Comer, 99 Ohio St.3d 463, 467. Additionally, "a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences." Id. at 468. These findings and reasons need not "directly correlate each finding to each reason or state a separate reason for each finding," but must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision." Statev. Reid, Cuyahoga App. No. 83206, 2004-Ohio-2018, citing Statev. Cottrell, Cuyahoga App. No. 81356, 2003-Ohio-5806.
 {¶ 44} In the present case, the trial court complied with all of the requirements of R.C. 2929.14(E)(4). The court made the following findings on the record:
"But I do think it's necessary for punishment standpoint, and a deterrence, general deterrence standpoint, to have a consistent message here, that if you're going to go out, if you're committing crimes, and the police let you out of jail, and you go and commit a crime again, particularly where it's the same kind of crime that you got arrested for, you're just adding time onto it, to whatever you were doing.
"I don't think 12 years is disproportionate to the seriousness of what he's done, or to his danger to the public.
"* * *
"And — but I don't think that this is disproportionate to the seriousness that he's done, so that's why he's getting 12 years.
"* * *
"* * * but they're going to run consecutively for a total of 12 years, because, as I've said, he's eligible for it because of section 2929.14(E) ((4)(a) * * *.
 {¶ 45} Furthermore, the trial court complied with R.C.2929.19(B)(2)(c). During the sentencing of Moore, the trial court gave its reasons for selecting consecutive sentences and aligned those reasons with the specific findings quoted above. Specifically, the trial court coupled Moore's double-cross of the police, his pattern of drug activity, and that he became a major drug offender while out on bond with the findings made above. It is clear to this Court why the trial court imposed its sentence.
 {¶ 46} Moore's contention that the trial court based its imposition of consecutive terms of imprisonment on Moore's alleged double-cross of the police is erroneous. It is clear from the quoted passages above that the trial court did not solely base its decision to impose consecutive sentences on Moore's double-cross of the police. The trial court did properly use the double-cross as a reason for imposing consecutive sentences and then aligned that reason with its statutory findings.
 {¶ 47} The trial court complied with the requirements of R.C.2929.14(E)(4) and 2929.14(B)(2)(c) and, therefore, Moore's sixth assignment of error is overruled.
 {¶ 48} In his seventh assignment of error, Moore argues that Ohio's sentencing scheme provision for the imposition of consecutive terms of imprisonment on the basis of judicial findings violates the Sixth Amendment as construed in Blakely v.Washington, (2004), 542 U.S. 296, 124 S.Ct. 2531. We disagree.
 {¶ 49} Moore's argument that his consecutive sentences violates the U.S. Supreme Court's decision in Blakely has been addressed in this Court's en banc decision of State v. Lett
(May 31, 2005), Cuyahoga App. Nos. 84707 and 84729. In Lett, we held that R.C. 2929.14(C)and (E), which govern the imposition of maximum and consecutive sentences, does not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with that opinion, we reject Moore's contention and overrule his seventh assignment of error.
 {¶ 50} In his eighth and final assignment of error, Moore argues that "in CR445445, the convictions for drug trafficking and preparation of drugs for sale, as they apply to the combination of counts four and five, and the combination of counts seven and eight, respectively, are allied offenses. We disagree.
 {¶ 51} Moore argues that the two convictions for drug trafficking and the two convictions for preparation of drugs for sale should be vacated, regardless of concurrent sentencing, because the offenses are allied offenses to the possession of drugs offenses. This argument lacks merit.
 {¶ 52} R.C. 2941.25(A) states, "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may beconvicted of only one." (Emphasis added.)
 {¶ 53} In State v. Rance (1999), 85 Ohio St.3d 632,1999-Ohio-291, the Ohio Supreme Court explained that offenses are of similar import if the elements of each crime in the abstract "correspond to such a degree that the commission of one crime will result in the commission of the other." Id. at 638, quotingState v. Jones (1997), 78 Ohio St.3d 12, 14, 1997-Ohio-38. "In applying this definition to the offenses of drug trafficking under R.C. 2925.03(A)(1) and preparation of drugs for sale under 2925.03(A)(2), this court has consistently held that they are not allied offenses." State v. Thompson, Cuyahoga App. No. 83382,2004-Ohio-2969. See, also, State v. Washington, Cuyahoga App. No. 80418, 2002-Ohio-5834; State v. Fort, Cuyahoga App. No. 80604, 2002-Ohio-5068; State v. Sloan, Cuyahoga App. No. 79832, 2002-Ohio-2669; State v. Hudson, Cuyahoga App. No. 79010, 2002-Ohio-1408. "Specifically, this court reasoned that the preparation of drugs for sale does not necessarily result in the sale of the drugs." Thompson, supra, at paragraph 33.
 {¶ 54} Accordingly, we overrule Moore's eighth and final assignment of error.
 {¶ 55} We affirm the judgment of conviction and the sentences imposed. However, this case is remanded for the limited purpose of correction of the sentencing journal entry.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese Jr., P.J., And Rocco, J., concur.
 Appendix Assignments of Error:
 "I. The trial court committed error when it failed to dismissboth cases because of the State's interference with theDefendant's choice of defense counsel.
 II. The trial court erred when it failed to order aprofessional mental health evaluation during the trial uponlearning of the defendant's failure to take medication andcounsel's resulting assertion that the defendant was incompetentto continue in trial.
 III. The trial court erred when it permitted two policechemists to testify about the drug analysis performed by anon-testifying chemist.
 IV. The trial court erred when it imposed a term ofimprisonment of ten years on count thirteen under the mistakenbelief that this was a major drug offender conviction.
 V. Mr. Moore received the ineffective assistance of counsel.
 VI. The trial court erred by imposing consecutive sentences.
 VII. Ohio's sentencing scheme's provision for the impositionof consecutive terms of imprisonment on the basis of judicialfindings violates the Sixth Amendment.
 VIII. In CR445445, the convictions for drug trafficking andpreparation of drugs for sale, as they apply to the combinationof counts four and five, and the combination of counts seven andeight, respectively, are allied offenses."