JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Upon remand from the Supreme Court of Ohio, this court is asked to further consider this court's ruling on defendant-appellant Terrance Moore's (Moore) third assignment of error, concerning admission of certain alleged hearsay statements, in light of State v. Crager,116 Ohio St.3d 369, 2007-Ohio-6840. This court is also asked to further consider this court's ruling on Moore's seventh assignment of error, concerning his sentence, in light of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. See State v. Moore, Cuyahoga App. No. 85828 (MooreI), cause remanded by State v. Moore, 117 Ohio St.3d 69, 2008-Ohio-501.
 {¶ 2} In Moore I, we affirmed the trial court's decision to admit testimony from two chemists, Tracy Kramer (Kramer) and Scott Miller (Miller), from the Cleveland Police Department's Scientific Investigation Unit (SIU). Crystal Seals (Seals), a former SIU chemist, conducted the chemical analysis at issue, but was not available to testify, and, thus, Kramer and Miller testified instead.
 {¶ 3} The facts of this case were thoroughly discussed in MooreI; however, we provide the following brief summation. The instant appeal involved two criminal cases: CR-427648 in which Moore was charged with two counts of trafficking in drugs, two counts of possession of drugs, and one count of having a weapon while under disability; and CR-445445 in which Moore was charged with three counts of trafficking in drugs, two counts of possession of drugs, three counts of trafficking in *Page 4 
drugs with major drug offender specifications, two counts of possession of drugs with major drug offender specifications, and one count of possession of criminal tools.
 {¶ 4} On June 9, 2004, the matter proceeded to a bench trial. During trial, the court admitted testimony from Kramer and Miller regarding chemist Seals' chemical analysis.
 {¶ 5} The trial court granted Moore's motion for acquittal as to count one of CR-427648. On June 21, 2004, the trial court found Moore guilty of all remaining charges with the exception of count twelve in CR-445445.
 {¶ 6} On December 13, 2004, the trial court sentenced Moore to twelve years of imprisonment.
 {¶ 7} ASSIGNMENT OF ERROR NUMBER THREE
 {¶ 8} "The trial court erred when it permitted two police chemists totestify about the drug analysis performed by a non-testifyingchemist."
 {¶ 9} Moore argues that the trial court erred when it admitted Kramer's and Miller's testimony regarding chemist Seals' chemical analysis. Upon further consideration of this assignment of error in light of the Crager decision, we affirm.
 {¶ 10} The Crager court held that "records of scientific tests are not `testimonial' under Crawford." Crager at ¶ 78; see Crawford v.Washington (2004), 541 U.S. 36. DNA reports are nontestimonial because they are neutral and have the *Page 5 
power to exonerate or convict. Crager at ¶¶ 69, 70. Similar to the challenged DNA reports in Crager, the chemical analysis in the case sub judice is nontestimonial because it is neutral and has the power to exonerate or convict.
 {¶ 11} The Crager court further held that:
 {¶ 12} "[A] criminal defendant's constitutional right to confrontationis not violated when a qualified expert DNA analyst testifies at trialin place of the DNA analyst who actually conducted the testing."Crager at paragraph two of syllabus.
 {¶ 13} In the case sub judice, Crystal Seals conducted the chemical analysis testing at issue. However, Seals was no longer employed with the SIU when Moore's case proceeded to trial. In her place, the State called Kramer and Miller to testify regarding Seals' analysis. As such, qualified expert chemical analysts, Kramer and Miller, testified at trial in place of Seals, who actually conducted the testing. This practice comports with the holding in Crager.
 {¶ 14} Moore's third assignment of error is overruled.
 {¶ 15} ASSIGNMENT OF ERROR NUMBER SEVEN
 {¶ 16} "Ohio's sentencing scheme's provision for the imposition ofconsecutive terms of imprisonment on the basis of judicial findingsviolates the Sixth Amendment." *Page 6 
 {¶ 17} Moore argues that the trial court erred when it sentenced him to consecutive sentences on the basis of judicial findings in violation of the Sixth Amendment as construed in Blakely v. Washington (2004),542 U.S. 296.
 {¶ 18} The Foster court agreed and found that "[c]ertain aspects of Ohio's felony sentencing plan are unconstitutional when measured against the Sixth Amendment principles established in Blakely." Foster at 53.Foster excised the following from Ohio's statutory sentencing scheme: R.C. 2929.14(E)(4), R.C. 2929.14(B) and (C), and R.C. 2929.19(B)(2). Thus, the Foster court held:
 {¶ 19} "Accordingly, we have concluded that trial courts have fulldiscretion to impose a prison sentence within the statutory range andare no longer required to make findings or give their reasons forimposing maximum, consecutive, or more than the minimum sentences." Id.at 100.
 {¶ 20} "A defendant, however, who was sentenced under the unconstitutional and now void statutory provisions must be resentenced."State v. Delgado, Cuyahoga App. No. 87614, 2006-Ohio-5928. "[W]e must apply this holding to all cases on direct review." Foster at 106.
 {¶ 21} On December 13, 2004, Moore was sentenced under the unconstitutional and now void statutory provisions. This matter was on direct review when the Supreme Court of Ohio issued Foster. Thus, Moore's seventh assignment of error is sustained.
 {¶ 22} Moore's conviction is affirmed, sentence vacated and case remanded for resentencing. *Page 7 
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, P.J., and KENNETH A. ROCCO, J., CONCUR. *Page 1