JOURNAL ENTRY AND OPINION
{¶ 1} The applicant, Terrance Moore, has applied, pursuant to App. R. 26(B) and State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, to reopen this court's judgment in State v. Terrance Moore, Cuyahoga App. No. 85828, 2006-Ohio-277, in which this court affirmed Moore's convictions and sentences for various drug and drug related offenses.[1] Moore claims that his appellate counsel was ineffective-that *Page 3 
he should have argued that trial counsel improperly handled audio tapes which exonerated Moore. During trial, Moore presented audio tapes of conversations between himself and police officers in which Moore claims, inter alia, that the officers admitted to planting the drugs in Moore's residence in 2002 and to setting Moore up in a fake drug transaction to impress the prosecutor with Moore's co-operation in November 2003. Thus, Moore asserts that these tapes show his innocence; he never really dealt or possessed drugs. Specifically, he argues that his trial counsel did not properly and professionally transcribe the November 2003 tape, but allowed a police officer to play it in court. This allowed the officer to compromise the playing of the tape and not presenting the entire tape to the judge. Moore also submits that his appellate counsel should have argued the exonerating evidence on the tape, as well as trial counsel's failure to subpoena any witnesses. For the following reasons, this court denies the application to reopen.
 {¶ 2} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient *Page 4 
and that the deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 3} In Strickland the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'"Strickland, 104 S.Ct. at 2065.
 {¶ 4} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted, "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might *Page 5 
lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles inState v. Allen, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638 andState v. Tenace, 109 Ohio St.3d 451, 2006-Ohio-2987.
 {¶ 5} Furthermore, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
 {¶ 6} Moreover, appellate review is strictly limited to the record.The Warder, Bushnell Glessner Co. v. Jacobs (1898), 58 Ohio St. 77, 50 N.E. 97; Carran v. Soline Co. (1928), 7 Ohio Law Abs. 5 and RepublicSteel Corp. v. Sontag (1935), 21 Ohio Law Abs. 358. "Clearly, declining to raise claims without record support cannot constitute ineffective assistance of appellate counsel." State v. Burke 97 Ohio St.3d 55,2002-Ohio-5310, paragraph 10.
 {¶ 7} In his first and third "assignments of error" Moore argues that appellate counsel "failed to cite" the exonerating evidence in the tapes. Moore then relates the contents of the tapes. This does not present an authentic assignment of error. *Page 6 
However, assuming arguendo, that Moore is trying to say that his appellate counsel should have argued the sufficiency of the evidence or manifest weight, his contention is not well taken.
 {¶ 8} The State presented voluminous evidence of Moore's guilt. The Supreme Court of Ohio in State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, Paragraph Two of the Syllabus, ruled that the "relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Given this rule of law and the evidence presented by the prosecution, counsel in the exercise of reasonable judgment could have concluded properly that such an argument was not worth pursuing.
 {¶ 9} The test for determining whether the conviction was against the manifest weight of the evidence is as follows: "The court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. The prosecution's case was strong enough that appellate counsel in the exercise of reasonable professional judgment could conclude that a manifest weight argument would not be persuasive. The record does not indicate that the judge lost his way. As the court stated in State v.Napier *Page 7 
(1995), 105 Ohio App.3d 713, 719-720, 659 N.E.2d 314: "A verdict cannot be said as a matter of law to be manifestly against the weight or sufficiency of the evidence where substantial evidence is offered by the state in support of all of the elements of the charged offense, and if such evidence was of sufficient probative value to sustain a conviction, the reviewing court will not reverse on the sufficiency or weight of the evidence." That ruling applies to the case, sub judice.
 {¶ 10} In his second assignment of error, Moore submits that his appellate counsel should have argued that trial counsel did not subpoena any of Moore's witnesses and, thus, lost the case for Moore. However, the only "witnesses" Moore identifies are generally Channel 19 News personnel. Moore had previously disclosed to Channel 19 News his audio tapes with the police officers, which indicated that the officers were seeking bribes or trying to influence Moore's choice of counsel. Channel 19 ran a feature on this asking whether the Cleveland Police were trying to shakedown Moore. However, Moore does not explain how Channel 19's investigation would have proved his innocence or where in the record that was proffered. Without those, he does not make a persuasive argument that his appellate counsel should have raised this issue. The existence of any other witnesses would be just pure speculation and not a solid foundation for an appellate argument.
 {¶ 11} Moore's final assignment of error is that trial counsel mishandled the audio tape recordings, especially the conversation of November 2, 2003, between *Page 8 
Moore and the police officer. Moore asserts that in this conversation he expressed his doubts about the drug transaction because he feared that the drug dealer might kill him. The police officer assured him that he would not be revealed and instructed him to sell the drugs. Moore claims this, along with the other tape recordings, would exonerate him, because they would show the police entrapped him. Moore asserts that trial counsel, because of his age and lack of knowledge of tape recorders, did not get the tape professionally transcribed as he promised to the court, allowed the tape to be butchered, and allowed a police officer to play the tape so that the judge did not hear the November 2, 2003 conversation.
 {¶ 12} However, this does not create a genuine issue as to whether appellate counsel was ineffective for failing to raise this issue. The November 2, 2003 conversation was one of approximately a half-dozen conversations Moore recorded with the police. Trial counsel assured the judge and the state that Moore gave him these tapes as the originals. The judge carefully listened to all the other conversations, which purportedly showed Moore's innocence. The judge admitted the tapes into evidence. More importantly, Moore testified fully about the November 2, 2003 conversation with the police officer. (Tr. Pp. 1229-1236.) Trial counsel also put Moore back on the stand as a rebuttal witness to play the rest of the tape, but the judge did not allow the testimony, because he was convinced he had heard all the tapes. Additionally, the State presented an expert audio witness who opined that the tapes were not original recordings but fabricated from various conversations. Given *Page 9 
the duplicative and potentially dubious nature of the November 2, 2003 taped conversation, the trial judge's implicit rejection of their credibility, and trial counsel's unsuccessful effort to play it; it is understandable that appellate counsel in the exercise of professional judgment would decline to raise this issue in favor of hearsay and sentencing issues which the Supreme Court of Ohio deemed worthy of actual review.
 {¶ 13} Accordingly, this court denies the application to reopen.
MELODY J. STEWART, J., and MARY J. BOYLE, J., CONCUR
[1] This appeal arises out of two criminal cases. In State v.Moore, Cuyahoga County Common Pleas Court Case No. CR-427648, which concerned events from May 2002, the judge convicted Moore of drug trafficking, having a weapon under disability, and two counts of drug possession. In State v. Moore, Cuyahoga County Common Pleas Court Case No. CR-445445, which concerned events from November 2003, the court convicted Moore of five counts of drug trafficking, four counts of drug possession, and one count of possession of criminal tools; six of the drug counts carried a major drug offender specification. The court sentenced Moore to a total of twelve years.
The Supreme Court of Ohio accepted Moore's appeal, and remanded the case to this court for further considerations regarding sentencing and hearsay evidence. State v. Moore, 2008-Ohio-501. This court resolved those matters in State v. Moore, Cuyahoga App. No. 85828,2008-Ohio-2359. However, these subsequent proceedings did not resolve this issue of claimed ineffectiveness of appellate counsel. *Page 1