The STATE of Ohio, Appellee,

v.

MOORE, Appellant.

[Cite as *State v. Moore*, 185 Ohio App.3d 772, 2010-Ohio-770.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 92654.

Decided March 4, 2010.

William D. Mason, Cuyahoga County Prosecuting Attorney, and T. Allan Regas, Assistant Prosecuting Attorney, for appellee.

Robert Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, for appellant.

FRANK D. CELEBREZZE JR., Judge.

{¶ 1} Defendant-appellant, Terrance Moore, appeals multiple convictions and sentences imposed by the trial court. Finding merit to this appeal, we affirm in part, reverse in part, and remand to the trial court for proceedings consistent with this opinion.

{¶ 2} This constitutes the third time appellant's case has been before this court. The factual background can be found in *State v. Moore*, Cuyahoga App. No. 85828, 2006-Ohio-277, 2006 WL 178562, ¶ 1–11 (*"Moore I"*). We will provide some of the procedural background in order to accurately address appellant's assignments of error.

{¶ 3} After a consolidated bench trial in case numbers CR–427648 and CR–445445, appellant was found guilty of numerous charges. Specifically, in CR–427648, he was convicted of one count of drug trafficking, a second-degree felony; two counts of drug possession, second-degree felonies; and one count of possessing a weapon while under disability, a fifth-degree felony. The trial court sentenced him to two years for drug trafficking and one count of possession and six months for possessing a weapon while under disability. The other count of drug possession merged for sentencing, and all terms were to run concurrent to each other but consecutive to the sentence in CR–445445.

{¶ 4} In its original sentencing entry, the trial court made findings with regard to why the terms should run consecutively. The Ohio Supreme Court remanded the matter pursuant to its holding in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 53, in which the court held portions of Ohio's felony-sentencing principles to be unconstitutional. The court in *Foster* further established that trial courts are no longer required to make findings when "imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.

{¶ 5} In case number CR–445445, appellant was convicted of two counts of drug trafficking, third-degree felonies; one count of drug possession, a third-degree felony; three counts of drug trafficking with major-drug-offender specifications, first-degree felonies; two counts of drug possession with major-drug-offender specifications, first-degree felonies; one count of drug possession with no major-drug-offender specification, a first-degree felony;[1] and one count of possession of criminal tools, a fifth-degree felony.

---

1. Appellant's third assignment of error argues that the trial court erroneously stated that this charge contained a major-drug-offender specification.

{¶ 6} In its original sentencing entry in CR–445445, the trial court sentenced appellant to ten years, to run consecutively to the two years imposed in CR–427648. In *Moore I*, however, this court remanded the case to the trial court to correct a clerical error in its sentencing entry, in which the trial court had indicated that the first-degree drug-possession count that did not include a major-drug-offender specification required a mandatory ten-year term. On remand, the trial court sentenced appellant to a mandatory ten-year term for the three counts of drug trafficking with major-drug-offender specifications and one year for the third-degree drug-trafficking and drug-possession charges; the court stated that Counts 9, 11, 12, and 13 merged for sentencing. Noticeably, appellant was found not guilty on Count 12, which was an additional drug-trafficking charge, and the trial court made no mention of Count 14, possession of criminal tools, on which appellant was found guilty. Additionally, although the court did not sentence appellant to a mandatory ten years on Count 13, which was the first-degree drug-possession charge with no major-drug-offender specification, it did mention earlier in its entry that the charge carried a major-drug-offender specification.

{¶ 7} The sentences in CR–445445 and CR–427648 were to run consecutively to one another, for an aggregate sentence of 12 years. It is from these sentencing entries that appellant is currently appealing. He raises three assignments of error for our review.

{¶ 8} I. "The trial court erred by imposing the sentence in CR–427648 consecutively to the sentence in CR–445445."

{¶ 9} II. "In CR–445445, the convictions for drug trafficking and preparation of drugs for sale as they apply to the combination of counts four and five, and the combination of counts seven and eight, respectively, are allied offenses." [2]

{¶ 10} III. "The sentencing journal entry in CR–445445 must be corrected with respect to count thirteen."

## Law and Analysis

### Consecutive Sentences

{¶ 11} In his first assignment of error, appellant argues that the trial court erred when it failed to make findings with regard to why the terms imposed in CR–445445 and CR–427648 should run consecutively. Appellant admits that *Foster* specifically held that such findings were not required, but relies on *Oregon*

---

2. At the oral argument in this matter, appellant's attorney acknowledged that the offenses addressed in the second assignment of error occurred on two separate dates and thus they are not allied offenses. The second assignment of error was withdrawn; therefore, this argument will not be addressed.

*v. Ice* (2009), —— U.S. ——, 129 S.Ct. 711, 172 L.Ed.2d 517, to argue that *Foster* was incorrect and should be overturned.[3]

{¶ 12} In *Ice,* the United States Supreme Court resolved whether the holdings of *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, govern consecutive sentencing decisions. *Ice,* —— U.S. at ——, 129 S.Ct. at 716, 172 L.Ed.2d 517. The *Apprendi* and *Blakely* decisions essentially stand for the proposition that "it is within the jury's province to determine any fact (other than the existence of a prior conviction) that increases the maximum punishment authorized for a particular offense." Id. at ——, 129 S.Ct. at 714, 129 S.Ct. 711.

{¶ 13} In *Foster,* the Ohio Supreme Court held that consecutive sentences increase an offender's ultimate punishment and thus Ohio's requirement that judges find certain facts before imposing consecutive sentences violated the principles set forth in *Blakely. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 at ¶ 67. In *Ice,* the United States Supreme Court held otherwise. Specifically, the court stated: "These twin considerations—historical practice and respect for state sovereignty—counsel against extending *Apprendi* 's rule to the imposition of sentences for discrete crimes. The decision to impose sentences consecutively is not within the jury function that 'extends down centuries into the common law.' *Apprendi,* 530 U.S. at 477, 120 S.Ct. 2348, 147 L.Ed.2d 435. Instead, specification of the regime for administering multiple sentences has long been considered the prerogative of state legislatures." *Ice,* —— U.S. at ——, 129 S.Ct. at 717, 172 L.Ed.2d 517.

{¶ 14} This court has repeatedly chosen to apply the holding in *Foster* rather than the holding in *Ice* and reserve any reconsideration for the Ohio Supreme Court. Specifically, in *State v. Woodson,* Cuyahoga App. No. 92315, 2009-Ohio-5558, 2009 WL 3387952, this court stated: "We have responded to *Oregon v. Ice* in several recent decisions and concluded that we decline to depart from the pronouncements in *Foster* until the Ohio Supreme Court orders otherwise." Id. at ¶ 33, citing *State v. Reed,* Cuyahoga App. No. 91767, 2009-Ohio-2264, 2009 WL 1348207; *State v. Robinson,* Cuyahoga App. No. 92050, 2009-Ohio-3379, 2009 WL 1965257; and *State v. Eatmon,* Cuyahoga App. No. 92048, 2009-Ohio-4564, 2009 WL 2841212. As the high court in this state, the Ohio Supreme Court's decision in *Foster* is binding on lower courts. Accordingly, it is not within our purview to step into the Supreme Court's shoes and reconsider *Foster* in light of the decision in *Ice.*

---

**3.** At oral argument, appellant's attorney argued that this matter should be stayed pending the Ohio Supreme Court's disposition of *State v. Hodge,* Supreme Court No. 2009–1997, in which the court will purportedly consider a substantially similar issue.

{¶ 15} Appellant also argues that the *Foster* remedy cannot affect his sentence, because *Foster* was decided subsequent to the imposition of his consecutive sentences and any retroactive application would be unconstitutional. This argument has no merit. In *Foster,* the court held that "[t]hese cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion." *Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 104. Likewise, appellant's case has been before the Ohio Supreme Court on a prior occasion. The court in *State v. Moore,* 117 Ohio St.3d 69, 2008-Ohio-501, 881 N.E.2d 860, ¶ 3, remanded appellant's case to the trial court for further consideration in light of its decision in *Foster.*

{¶ 16} Accordingly, the decision in *Foster* remains binding, its retroactive application does not violate appellant's constitutional rights, and appellant's first assignment of error is overruled.

### Notice of Appeal

{¶ 17} Before addressing appellant's third assignment of error on the merits, we must first address the state's jurisdictional arguments. In its original merit brief, the state argued that appellant failed to include case number CR–445445 in his notice of appeal, and thus his second and third assignments of error are not properly before this court.[4] In support of its argument, the state relies on *State v. Ryan,* Cuyahoga App. No. 91508, 2009-Ohio-2494, 2009 WL 1486519. For the reasons that follow, the state's reliance on *Ryan* is misguided, and we find that appellant's third assignment of error is properly before this court.

{¶ 18} In *Ryan,* this court overruled one of appellant's assignments of error because it related to a case number for which the appellant did not file a notice of appeal. Id. at ¶ 5. Specifically, the court held that "Ryan did not file an appeal in Case No. CR–506206. That case was a separate proceeding from this case and, therefore, is not properly before this court." Id.

{¶ 19} When refusing to address the merits of Ryan's appeal, this court noted that the two cases were separate proceedings. In the case before us, the trial court considered case numbers CR–445445 and CR–427648 in a consolidated bench trial, and the cases were also consolidated for sentencing. Accordingly, the proceedings at issue in this matter were not separate proceedings and the case is clearly distinguishable from *Ryan.*

---

4. This court sua sponte permitted appellant to amend his notice of appeal and permitted the state to file a supplemental merit brief addressing appellant's second and third assignments of error.

### Major–Drug–Offender Specification

{¶ 20} In his third and final assignment of error, appellant argues that the trial court should be ordered to correct its resentencing entry. Specifically, appellant argues that in *Moore I,* the trial court was ordered to correct its original sentencing entry to reflect that there was no major-drug-offender specification with respect to Count 13 and that this error has reoccurred. This argument has merit.

{¶ 21} In *Moore I,* "the trial court [was] ordered to correct its journal entry to reflect that count thirteen did not contain a major drug offender specification." *Moore I,* 2006-Ohio-277, 2006 WL 178562, at ¶ 34. Although the trial court correctly indicated in its resentencing entry that Count 13 did not carry a mandatory ten-year sentence, the court mistakenly stated that this count carried a major-drug-offender specification. Because this error was not corrected as ordered in *Moore I,* this case must once again be remanded for correction of the sentencing entry. Appellant's third assignment of error is well taken.

### Other Problems in the Resentencing Entry

{¶ 22} A review of the record reveals various other problems with the trial court's resentencing entry. We note at the outset that appellant failed to raise these issues in his merit brief, thus a plain-error standard must be applied. To constitute plain error, the error must be obvious on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection. See *State v. Tichon* (1995), 102 Ohio App.3d 758, 767, 658 N.E.2d 16. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Phillips* (1995), 74 Ohio St.3d 72, 83, 656 N.E.2d 643.

{¶ 23} The first error that is readily apparent from a review of the record is that appellant was sentenced with respect to Count 12, drug trafficking, but appellant was acquitted of this specific count. The same error was addressed in *Moore I,* when this court stated that "the trial court's journal entry refers to a conviction of count twelve, trafficking in drugs. The record reflects that [appellant] was acquitted of count twelve. Therefore, the trial court should also delete any reference to count twelve in its sentencing journal entry." 2006-Ohio-277, 2006 WL 178562, at ¶ 34. Since this particular problem has manifested itself again in the trial court's resentencing entry, the trial court is again ordered to delete any reference to Count 12 in its resentencing entry.

{¶ 24} Another noticeable error in the trial court's resentencing entry appears with respect to Count 14, possession of criminal tools. At the resentencing hearing, the judge purported to sentence appellant to six months on this

count, yet the resentencing entry makes no mention of Count 14. Accordingly, the trial court is ordered to address Count 14 when it resentences appellant in this matter.

{¶ 25} The final error that is obvious from a review of the record relates to which counts merged for purposes of sentencing. In the resentencing entry, the trial court originally said that Counts 9, 11, 12, and 13 merged for sentencing.[5] The entry later imposes a one-year term on Counts 4, 5, and 6 and states that this one-year term is to run concurrently with the terms imposed on Counts 4, 5, 6, 7, 8, 9, 11, and 13. The one-year terms imposed on Counts 4, 5, and 6 cannot possibly run concurrent to the terms imposed for Counts 9 and 11, because those counts had purportedly merged for sentencing. Accordingly, the trial court is ordered to clarify exactly which counts merged at sentencing.

### Conclusion

{¶ 26} The trial court did not commit reversible error when it sentenced appellant to consecutive sentences without making factual findings, nor did *Foster*'s retroactive application violate appellant's constitutional rights. The trial court did, however, make numerous errors when resentencing appellant in an attempt to comply with our holding in *Moore I,* and these errors must be addressed on remand.

{¶ 27} This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded.

STEWART, P.J., and DYKE, J., concur.

---

5. Counts 12 and 13 have already been addressed in this opinion.