[Cite as *Goggans v. State*, 2011-Ohio-5932.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 96857, 96858, 96859, 96860, 96861, and 96862**

---

# ANTHONY GOGGANS, ET AL.

PLAINTIFFS-APPELLEES

vs.

# STATE OF OHIO

DEFENDANT-APPELLANT

---

## JUDGMENT:
NO. 96861 AFFIRMED;
NOS. 96857, 96858, 96859, 96860,
AND 96862 DISMISSED

---

Civil Appeals from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-697300, CV-649231, CV-648415,
CV-647278, CV-647941, and CV-648851

BEFORE:   Celebrezze, P.J., Jones, J., and E. Gallagher, J.

RELEASED AND JOURNALIZED:    November 17, 2011
**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor
BY:   Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEES**

Robert L. Tobik
Cuyahoga County Public Defender
BY:   Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, Ohio   44113


FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1}   In this consolidated appeal, the state seeks reversal of the trial court's determinations that six individuals previously classified as sexual offenders under Megan's Law, former R.C. 2950 et seq., cannot be reclassified under the new sexual classification scheme in the Adam Walsh Act ("AWA"), codified in current R.C. 2950 et seq.   After a thorough review of the record and law, we affirm in the case of Gilberto Quinones (Appeal No. 96861) and dismiss the appeals in the other five cases, in accordance with the state's motion to dismiss.

{¶ 2}   Anthony Goggans, Randy McDowell, Antonio Stewart, Tony Robertson, and Donald Chambers were originally classified under Megan's Law as sexually oriented

offenders by operation of law. Quinones was previously classified by the state of Pennsylvania and then moved to Ohio. He was classified by operation of law as a sexually oriented offender under provisions of Megan's Law. The Ohio Attorney General reclassified these individuals and assigned new tier designations as set forth in the AWA. Each individual successfully challenged his reclassification, and the state appealed. All six appeals were consolidated for review. However, on October 24, 2011, the state filed a motion to dismiss the appeals of all but Quinones based on the holding of the Ohio Supreme Court in *State v. Williams*, 120 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. We hereby grant that motion and proceed solely with the appeal relating to Quinones.

### Law and Analysis

{¶ 3} The state assigns two errors for our review:

{¶ 4} 'I. "The trial court erred in applying *State v. Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424, [933 N.E.2d 753,] to a petitioner who was not classified under Megan's Law by an Ohio court because under these circumstances there is no violation of the separation of powers doctrine."

{¶ 5} 'II. "The trial court erred in applying *State v. Bodyke, * * ** to a petitioner who did not demonstrate by clear and convincing evidence that they were previously classified by an Ohio court."

### Application of *Bodyke*

**{¶ 6}** The state argues that the holding in *Bodyke* does not apply because there was no prior judicial determination, and thus, no reason that appellee could not be reclassified by the Attorney General. We disagree.

**{¶ 7}** Quinones was previously classified under Megan's Law. On June 30, 2007, Ohio enacted its version of the AWA. In order to develop a standard classification system for all 50 states, the federal government encouraged the states to adopt a unified classification and registration system with the goal of being able to track sex offenders as they moved across state lines. Ohio's AWA adopted a three-tier classification system, replacing the previous designations of sexually oriented offender, habitual sex offender, and sexual predator with Tier I, II, and III sex offender labels. *Bodyke* at ¶21.

**{¶ 8}** Megan's Law required a trial court to make a determination of whether an individual should be classified as a sexual predator or a habitual sexual offender. Id. at ¶22. The AWA removed discretion from the judiciary in the classification of offenders for all sexually oriented offenses. Id. Under the AWA, the general assembly has designated crimes that fall within each of the three tiers, and offenders committing any of these crimes are automatically labeled with their respective tier designations. Repeat offenders receive an elevated tier label because they commit more sexually oriented offenses.

**{¶ 9}** In *Bodyke*, the Ohio Supreme Court held that the reclassification by an executive agency of individuals previously classified by judicial determination violated the separation-of-powers doctrine. Id. at paragraph three of the syllabus. The *Bodyke*

court severed R.C. 2950.031 and 2950.032, the provisions that allowed the state attorney general to reclassify individuals, finding the "scheme vests the executive branch with authority to review judicial decisions, and it interferes with the judicial power by requiring the reopening of final judgments." Id. at ¶ 55.

{¶ 10} The *Bodyke* decision left many unanswered questions, including whether those classified by operation of law under Megan's Law could be reclassified under the AWA. This court answered that question in the negative. *Majewski v. State*, Cuyahoga App. Nos. 92372 and 92400, 2010-Ohio-3178; *State v. Ortega-Martinez*, Cuyahoga App. No. 95656, 2011-Ohio-2540; *Hannah v. State*, Cuyahoga App. Nos. 95883, 95884, 95885, 95886, 95887, 95888, and 95889, 2011-Ohio-2930.

{¶ 11} An analogous situation can be found in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. There, the Ohio Supreme Court severed R.C. 2929.14(B) and (C), 2929.19(B)(2), 2929.14(E)(4), 2929.41(A), 2929.14(D)(2)(b) and (3)(b), which required a trial court to make findings before imposing more than minimum, maximum, or consecutive sentences, or for sentences under major-drug-offender and repeat-violent-offender specifications. Id. at ¶99. The *Foster* court reasoned that this impermissibly encroached upon an individual's right to trial by jury when the judge replaced the jury as fact finder for these sentencing determinations. The excision of these sections were complete even though the rationale behind their removal was not applicable to all cases.

{¶ 12} In a bench trial, the judge is the finder of fact and would be free to make findings supporting enhanced sentences without implicating the individual's right to a jury trial. The same is true for a sentence imposed pursuant to a plea agreement. However, this court has not required judges in bench trials or when imposing sentence after a guilty plea to make these findings before imposing maximum or consecutive sentences because the statutes requiring such findings have been declared unconstitutional and were completely severed by the Ohio Supreme Court. See *State v. Moore*, 185 Ohio App.3d 772, 2010-Ohio-770, 925 N.E.2d 692; *State v. Kaznoch*, Cuyahoga App. No. 93591, 2010-Ohio-5474; *State v. Sheline*, Cuyahoga App. No. 92877, 2010-Ohio-2458.

{¶ 13} The Ohio Supreme Court has excised the statutes giving an executive-branch body the authority to reclassify individuals where it *may* review a final, prior judicial determination. That excision is complete even though there is the possibility that for some individuals the justification underlying the excision is not present. *Hannah* at ¶28. This court has examined the issue and determined that the *Bodyke* court's pronouncement of excision of the offending statutes is complete and that the Ohio Attorney General no longer may reclassify individuals who were previously classified under Megan's Law. Id. While this view is in conflict with the First and Twelfth Districts,[1] this court continues to hold that it is the correct interpretation. We find the state's arguments to the contrary unpersuasive.

---

[1] See *Green v. State*, Hamilton App. No. C-090650, 2010-Ohio-4371; *Boswell v. State*,

**{¶ 14}** Judgment affirmed with respect to appellee Gilberto Quinones. Appeal dismissed with respect to appellees Anthony Goggans, Randy McDowell, Antonio Stewart, Tony Robertson, and Donald Chambers.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

LARRY A. JONES, J., and
EILEEN A. GALLAGHER, J., CONCUR

Warren App. No. CA2010-01-006, 2010-Ohio-3134.