OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Thomas A. Pasqualone, appeals the judgment entered by the Ashtabula County Court of Common Pleas. The trial court denied Pasqualone's motion to dismiss the indictment for a speedy-trial violation. In addition, the trial court sentenced Pasqualone to an eight-month prison term for his conviction for possession of cocaine. *Page 2 
 {¶ 2} On November 9, 2005, Trooper Jason Bonar of the Ohio State Highway Patrol was on routine patrol working the midnight shift. Trooper Bonar noticed a vehicle with a loud exhaust system pass him in the opposite direction. In addition, after the car passed him, Trooper Bonar noticed that the vehicle's license plate light was not illuminated. Trooper Bonar turned his vehicle around and stopped the vehicle.
 {¶ 3} Pasqualone was driving the vehicle. He informed Trooper Bonar that he was not allowed to have a driver's license. After Trooper Bonar confirmed that Pasqualone's driver's license was suspended, he placed Pasqualone under arrest. During a search incident to the arrest, Trooper Bonar found a pack of cigarettes, which contained a large white rock. After advising Pasqualone of the Miranda warnings, Trooper Bonar asked Pasqualone whether the rock was "meth or crack?" Pasqualone told Trooper Bonar he did not know "what they gave me." Trooper Bonar field-tested the substance, and it tested positive for cocaine base. Later testing at the Ohio State Highway Patrol Crime Laboratory confirmed the substance was .446 grams of cocaine.
 {¶ 4} Pasqualone was indicted on one count of possession of cocaine, in violation of R.C. 2925.11, a fifth-degree felony. Pasqualone pled not guilty to this charge.
 {¶ 5} The state served Pasqualone's attorney with a copy of the laboratory report stating the substance contained cocaine. Pasqualone did not demand the analyst's testimony pursuant to R.C. 2925.51(C).
 {¶ 6} A jury trial was held. The jury found Pasqualone guilty of the possession of cocaine charge. The trial court sentenced Pasqualone to an eight-month prison term for his conviction. *Page 3 
 {¶ 7} Pasqualone raises two assignments of error. His first assignment of error is:
 {¶ 8} "The trial court erred in failing to dismiss the charge against defendant when he was denied his right to a speedy trial under Ohio R.C. 2945.71."
 {¶ 9} "The standard of review of a speedy trial issue is to count the days of delay chargeable to either side, and determine whether the case was tried within the time limits set by R.C. 2945.71. State v.Blumensaadt, [11th Dist. No. 2000-L-107, 2001 Ohio App. LEXIS 4283, at *17]; See, also, State v. Pierson, 149 Ohio App.3d 318, 2002-Ohio-4515, at ¶ 12.
 {¶ 10} "Speedy trial issues present mixed questions of law and fact.State v. Hiatt (1997), 120 Ohio App.3d 247, 261. We accept the facts as found by the trial court on some competent, credible evidence, but freely review the application of the law to the facts. Id." State v.Kist, 11th Dist. No. 2006-G-2745, 2007-Ohio-4773, at ¶ 17-18.
 {¶ 11} Since Pasqualone was charged with a felony, he had to be brought to trial within 270 days of his arrest. R.C. 2945.71(C)(2). Further, any days Pasqualone spent in jail on this charge are counted as three days due to the triple-count provision of R.C. 2945.71(E).
 {¶ 12} Pasqualone was arrested on November 10, 2005. His trial did not begin until September 11, 2006, 306 days after his arrest. Also, Pasqualone was held in jail on the pending charge from November 10, 2005 to November 17, 2005, when he posted bond. This time period, due to the triple-count analysis, counts as 21 days. Thus, his total time period prior to trial, without factoring in tolling events, was 320 days.
 {¶ 13} R.C. 2945.72 provides, in pertinent part: *Page 4 
 {¶ 14} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 15} " * * *
 {¶ l6} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 17} " * * *
 {¶ 18} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."
 {¶ 19} Initially, we will address the applicable tolling events under R.C. 2945.72(E).
 {¶ 20} "A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)." State v. Brown, 98 Ohio St.3d 121,2002-Ohio-7040, syllabus. On February 3, 2006, Pasqualone filed a request for a bill of particulars and a request for discovery. The state responded to these requests on February 10, 2006. Accordingly, these events tolled the period from February 3-10, 2006, for a total of seven days.
 {¶ 21} A motion to suppress will toll the speedy-trial clock from the time the motion is filed until the trial court rules on the motion.State v. Dach, 11th Dist. Nos. 2005-T-0048 and 2005-T-0054,2006-Ohio-3428, at ¶ 34. On March 1, 2006, Pasqualone filed a motion to suppress evidence relating to his arrest and a motion to suppress any statements he made. The state filed its response to these motions on March 14, 2006. The trial court denied Pasqualone's motions to suppress on March 24, 2006. The period from March 1-24, 2006 was tolled, for a total of 23 days. *Page 5 
 {¶ 22} The Supreme Court of Ohio has held that "[a] motion in limine filed by a defendant tolls speedy-trial time for a reasonable period to allow the state an opportunity to respond and the court an opportunity to rule." State v. Sanchez, 110 Ohio St.3d 274, 2006-Ohio-4478, at paragraph two of the syllabus. On March 29, 2006, Pasqualone filed four motions in limine. On April 4, 2006, the state filed its response to Pasqualone's motions in limine. On May 11, 2006, the trial court ruled on Pasqualone's motions in limine. It granted two of the motions and denied the remaining two motions. Thus, the time period from March 29, 2006 through May 11, 2006 was tolled, for a total of 43 days.
 {¶ 23} Next, we will address the state's contention that its motion to continue was a tolling event pursuant to R.C. 2945.72(H).
 {¶ 24} On May 2, 2006, the state filed a motion to continue the trial set for May 15, 2006, on the ground that a necessary witness, Brandon Werry, was unavailable. On May 11, 2006, the trial court granted the state's motion to continue and rescheduled the trial for September 11, 2006.
 {¶ 25} Initially, we note that the trial court did not make any indication as to why the trial had to be postponed nearly four months due to the unavailability of the state's witness for the May trial date.
 {¶ 26} Also, the state's "necessary witness," Brandon Werry, did not testify at Pasqualone's trial. In light of this occurrence, we do not agree with the state's classification of Werry as a "necessary witness." Werry was the laboratory analyst who prepared the report. The state introduced his report pursuant to the procedures set forth in R.C.2925.51. If properly complied with, this statute permits a laboratory *Page 6 
analyst's report to serve as "prima-facie evidence of the content, identity, and weight" of a substance in certain drug cases. R.C.2925.51(A). Accordingly, the state did not call Werry as a witness at the continued trial. Since the record does not support the state's contention that Werry was a "necessary witness," we cannot conclude that the continuance due to his unavailability was reasonable under R.C.2945.72(H). Thus, we will charge this time against the state.
 {¶ 27} Pasqualone's speedy-trial time period was tolled seven days for the state to respond to his discovery request and demand for a bill of particulars, 23 days due to his motion to suppress, and 43 days as a result of filing the four motions in limine. Thus, a total of 73 days is tolled and charged against Pasqualone. Subtracting this total from the 320 days Pasqualone awaited trial, Pasqualone was brought to trial within 247 "chargeable" days. Accordingly, his speedy-trial rights were not violated.
 {¶ 28} Pasqualone's first assignment of error is without merit.
 {¶ 29} Pasqualone's second assignment of error is:
 {¶ 30} "The admission of the laboratory analysis report pursuant to Ohio R.C. 2925.51 violated appellant's constitutional rights under the confrontation clause of the Sixth Amendment, rendering his conviction erroneous."
 {¶ 31} At trial, Pasqualone objected to the admission of the laboratory report on the basis that his Sixth Amendment right to confront the preparer of the report was violated. On appeal, Pasqualone argues that R.C. 2925.51 is unconstitutional, both facially and as applied, because it permits hearsay evidence to be introduced in a criminal trial without affording the defendant an opportunity to confront the person who prepared the report. R.C. 2925.51 provides, in part: *Page 7 
 {¶ 32} "(A) In any criminal prosecution for a violation of this chapter or Chapter 3719. of the Revised Code, a laboratory report from the bureau of criminal identification and investigation, a laboratory operated by another law enforcement agency, or a laboratory established by or under the authority of an institution of higher education that has its main campus in this state and that is accredited by the association of American universities or the north central association of colleges and secondary schools, primarily for the purpose of providing scientific services to law enforcement agencies and signed by the person performing the analysis, stating that the substance that is the basis of the alleged offense has been weighed and analyzed and stating the findings as to the content, weight, and identity of the substance and that it contains any amount of a controlled substance and the number and description of unit dosages, is prima-facie evidence of the content, identity, and weight or the existence and number of unit dosages of the substance. In any criminal prosecution for a violation of section2925.041 of the Revised Code or a violation of this chapter or Chapter 3719. of the Revised Code that is based on the possession of chemicals sufficient to produce a compound, mixture, preparation, or substance included in schedule I, II, III, IV, or V, a laboratory report from the bureau or from any laboratory that is operated or established as described in this division that is signed by the person performing the analysis, stating that the substances that are the basis of the alleged offense have been weighed and analyzed and stating the findings as to the content, weight, and identity of each of the substances, is prima-facie evidence of the content, identity, and weight of the substances. *Page 8 
 {¶ 33} "Attached to that report shall be a copy of a notarized statement by the signer of the report giving the name of the signer and stating that the signer is an employee of the laboratory issuing the report and that performing the analysis is a part of the signer's regular duties, and giving an outline of the signer's education, training, and experience for performing an analysis of materials included under this section. The signer shall attest that scientifically accepted tests were performed with due caution, and that the evidence was handled in accordance with established and accepted procedures while in the custody of the laboratory.
 {¶ 34} "(B) The prosecuting attorney shall serve a copy of the report on the attorney of record for the accused, or on the accused if the accused has no attorney, prior to any proceeding in which the report is to be used against the accused other than at a preliminary hearing or grand jury proceeding where the report may be used without having been previously served upon the accused.
 {¶ 35} "(C) The report shall not be prima-facie evidence of the contents, identity, and weight or the existence and number of unit dosages of the substance if the accused or the accused's attorney demands the testimony of the person signing the report, by serving the demand upon the prosecuting attorney within seven days from the accused or the accused's attorney's receipt of the report. The time may be extended by a trial judge in the interests of justice.
 {¶ 36} "(D) Any report issued for use under this section shall contain notice of the right of the accused to demand, and the manner in which the accused shall demand, the testimony of the person signing the report." *Page 9 
 {¶ 37} The Sixth Amendment to the United States Constitution affords criminal defendants the right to confront adverse witnesses. State v.Stahl, 111 Ohio St.3d 186, 2006-Ohio-5482, at ¶ 13. Previously, the relevant inquiry in a Confrontation Clause analysis was the "reliability" of the statement. State v. Smith, 3d Dist. No. 1-05-39,2006-Ohio-1661, at ¶ 11, citing Ohio v. Roberts (1980), 448 U.S. 56. However, the United States Supreme Court revisited this issue inCrawford v. Washington (2004), 541 U.S. 36. Subsequent to theCrawford decision, the initial inquiry now concerns whether the hearsay statement is "testimonial." State v. Stahl, 2006-Ohio-5482, at ¶ 16, quoting Crawford v. Washington, 541 U.S. at 68.
 {¶ 38} Pasqualone relies on the Third Appellate District's decision inState v. Smith to support his position. State v. Smith, 2006-Ohio-1661. In Smith, the Third District held that an analyst's report prepared pursuant to R.C. 2925.51 is testimonial and, therefore, a defendant has a right to confront the expert. Id. at ¶ 26. However, the court held that a defendant may waive that right, provided "the defendant [is]fully informed as to the consequences of the waiver." (Emphasis in original.) Id. at ¶ 21. The court held that a written warning contained in the report itself is sufficient to conclude that a defendant's failure to demand the testimony of the expert indicates he or she is waiving the right to confront the witness, provided the warning informs the defendant that the "report will be used as prima facie evidence against" him or her if the testimony of the expert is not demanded. Id. at ¶ 26. In Smith, the Third District reversed the defendant's conviction and remanded the matter for a new trial because the court concluded that the warning contained in the report was not sufficient to adequately warn the defendant that he was waiving his right to confront the expert and, *Page 10 
thus, the defendant did not waive his Sixth Amendment right to confront the witness. Id. at ¶ 23-24, 27, and 39.
 {¶ 39} Other Ohio courts have previously addressed this issue and, for various reasons, have held that the defendant's rights to confrontation were not violated. See State v. Moore, 8th Dist. No. 85828,2006-Ohio-277, at ¶ 25-29; State v. Clark, 11th Dist. Nos. 2001-P-0031, 2001-P-0033, 2001-P-0034, 2001-P-0057, and 2001-P-0058, 2004-Ohio-334, at ¶ 65-69; State v. Fleming (May 10, 1983), 10th Dist. No. 82AP-813, 1983 Ohio App. LEXIS 15683, at *7-9; State v. Shields (Nov. 1983), 5th Dist. No. CA-83-3, 1983 Ohio App. LEXIS 14322, at *3-4; State v.Smith (Sept. 23, 1981), 9th Dist. No. 1731, 1981 Ohio App. LEXIS 11150, at *6-10. All of these cases were decided prior to the Third District's decision in State v. Smith, and all but State v. Moore were decided prior to the United States Supreme Court's opinion in Crawford v.Washington.
 {¶ 40} In 1981, in State v. Smith, the Ninth Appellate District conducted a significant analysis of R.C. 2925.51 and its impact on the Confrontation Clause. State v. Smith, 1981 Ohio App. LEXIS 11150, at *6-10. The court ultimately concluded that R.C. 2925.51 did not violate the Confrontation Clause. However, we note the Ninth District's analysis was based on the "reliability" of the report in an analysis pursuant toOhio v. Roberts. Id. at *8.
 {¶ 41} In State v. Moore and State v. Clark, the courts conducted a minimal analysis of this issue, summarily concluding that the defendant's failure to request a copy of the expert's report under R.C.2925.51(C) precluded a finding that the defendant's confrontation rights were violated. State v. Clark, 2004-Ohio-334, at ¶ 66-68; State v.Moore, 2006-Ohio-277, at ¶ 28. *Page 11 
 {¶ 42} We will conduct an independent analysis of whether the admission of the analyst's report violated Pasqualone's Confrontation Clause rights.
 {¶ 43} We initially need to determine whether the report in this matter was testimonial. The Crawford Court declined to adopt a formal definition of "testimonial." State v. Stahl, 2006-Ohio-5482, at ¶ 19. However, the Supreme Court of Ohio noted that the Crawford Court did provide three examples of a testimonial statement, including: (1) in-court testimony or its functional equivalent, including affidavits; (2) statements contained in formal testimonial materials, including depositions and affidavits; and (3) statements made where an objective declarant would reasonably believe the statement would be available to be used at a subsequent trial. (Secondary citations omitted.) Id., quoting Crawford v. Washington, 541 U.S. at 51-52.
 {¶ 44} In this matter, an affidavit was attached to the report pursuant to R.C. 2925.51(A). Also, the purpose of the report was to provide "prima-facie evidence of the content, identity, and weight" of the controlled substance. Thus, the report, including the attached affidavit, was specifically intended to be used in a subsequent criminal trial. Accordingly, laboratory reports such as the one admitted in this matter meet all three of the examples of a testimonial statement given in Crawford. Thus, we conclude, as did the Third Appellate District, that such reports are testimonial in nature. See State v. Smith,2006-Ohio-1661, at ¶ 26.
 {¶ 45} Next, we address the issue of whether a defendant may waive the confrontation rights. The Third District held that "a criminal defendant can waive his confrontation rights by failing to demand the testimony of the laboratory technicians under R.C. 2925.51(C)." Id. at ¶ 18. Other courts have also held that a defendant can *Page 12 
waive his confrontation rights by failing to demand the testimony of the analyst. See State v. Fleming, 1983 Ohio App. LEXIS 15683, at *9;State v. Shields, 1983 Ohio App. LEXIS 14322, at *4.
 {¶ 46} In its analysis, the Third District held that the waiver of confrontation rights pursuant to R.C. 2925.51 "must be made knowingly, intelligently, and voluntarily." State v. Smith, 2006-Ohio-1661, at ¶ 21, citing Boykin v. Alabama (1969), 395 U.S. 238 and State v.Ballard (1981), 66 Ohio St.2d 473. The cases cited by the Third District, Boykin v. Alabama and State v. Ballard, concern the waiver of the right to confront witnesses under an analysis of whether a defendant entered a valid guilty plea. Boykin v. Alabama, 395 U.S. at 243.State v. Ballard, 66 Ohio St.2d at 478-480. There is a procedural difference between entering a guilty plea and failing to demand the testimony of an expert pursuant to R.C. 2925.51. However, the net effect of both occurrences is identical, in that the defendant gives up his constitutional right to confront witnesses. Thus, we agree with the Third District's conclusion that such a waiver must be made knowingly, voluntarily, and intelligently.
 {¶ 47} In State v. Smith, the Third District found the language in the warning contained in the report was not sufficient to adequately inform the defendant of the rights he was waiving. State v. Smith,2006-Ohio-1661, at ¶ 23-24. The court held, for a waiver to be sufficient, it must inform the defendant "that failure to make the demand [of the testimony of the person who prepared the report] will permit the laboratory report to serve as prima facie evidence of the conclusions in the report without the testimony of the technician." Id. at ¶ 24. *Page 13 
 {¶ 48} The Third District concluded that "the purpose of serving the report on the defendant" under R.C. 2925.51(B) is to inform the defendant that the report will be admissible against him without the testimony of the analyst, unless that testimony is demanded. Id. at ¶ 23. In addition, we note the Tenth Appellate District explained "[a]t [no] time did the defendant claim that he misunderstood his responsibility pursuant to [R.C. 2925.51] to request the testimony of the analyst." State v. Fleming, 1983 Ohio App. LEXIS 15683, at *9. The concern we have with this approach is the assumption that the defendant personally received a copy of the report. R.C. 2925.51(B) requires that the state serve the report "on the attorney of record for the accused, or on the accused if the accused has no attorney." Thus, the appropriate question is whether an attorney can waive confrontation rights on behalf of his or her client. For the following reasons, we answer this question in the negative.
 {¶ 49} Permitting an attorney to make a limited waiver of a defendant's constitutional rights where there is a statute or rule providing that inaction will constitute waiver is not unprecedented. Under Crim.R. 23, a defendant in a "petty offense" case only receives a jury trial if he demands one. Ohio courts have upheld this rule requiring action on the part of the defendant's attorney in order to exercise the defendant's constitutional right to a jury trial. SeeMiddletown v. Flinchum (Dec. 18, 2000), 12th Dist. No. CA99-11-193, 2000 Ohio App. LEXIS 5908, at *15, citing Mentor v. Giordano (1967),9 Ohio St.2d 140, paragraph one of the syllabus. However, we note that Crim.R. 5(A)(5) requires the trial court to inform the defendant at the initial hearing of the necessity to make a demand for a jury trial in petty offense cases. Thus, the *Page 14 
defendant is put on notice that he needs to take affirmative action or his right to a jury trial will be waived.
 {¶ 50} In R.C. 2925.51, there is no safeguard similar to that in Crim.R. 5(A)(5) to ensure that a defendant actually receives notice about the existence of the report and his right to demand the testimony of the analyst. The statute specifically states that the report is to be served on the accused's attorney, if he or she has one. R.C. 2925.51
(B).
 {¶ 51} It could be argued that the procedures in R.C. 2925.51 are akin to the parties entering into a stipulation. However, a stipulation is binding on a criminal defendant if it is made by the defendant or by his or her attorney in the defendant's presence during the trial. State v.Bryant, 8th Dist. No. 79841, 2002-Ohio-2136, at ¶ 37, citing State v.Robbins (1964), 176 Ohio St. 362, paragraph two of the syllabus. Thus, we cannot consider an attorney's failure to act well before the trial as a binding stipulation on the defendant for purposes of R.C. 2925.51.
 {¶ 52} We agree with the Third District's conclusion that a defendant's waiver of his or her confrontation rights under R.C. 2925.51
must be made knowingly, intelligently, and voluntarily. State v.Smith, 2006-Ohio-1661, at ¶ 23-24. However, we disagree with that court's conclusion that such waiver can be accomplished by a warning contained in the report, which is only served on the defendant's attorney. The record needs to affirmatively demonstrate that the defendant knowingly, intelligently, and voluntarily waived his constitutional right to confront the laboratory analyst.
 {¶ 53} In this matter, we note the record demonstrates the state's intention to call the analyst as a witness. Werry was subpoenaed on two separate occasions. Further, the state filed two motions to continue due to the unavailability of Werry. Due to these *Page 15 
events, Pasqualone could have assumed that Werry was going to testify at trial. This assumption does not excuse Pasqualone's failure to request his testimony in the manner prescribed in R.C. 2925.51(C). However, the fact that the record demonstrates the state's repeated actions referring to its intention to call Werry as a witness weighs against a finding that Pasqualone knowingly, intelligently, and voluntarily waived hisSixth Amendment right to confront Werry.
 {¶ 54} We do not agree that R.C. 2925.51 is unconstitutional on its face. A defendant may waive his right to confront the analyst. However, that waiver must be made knowingly, intelligently, and voluntarily and reflected in the record. In this instant matter, the record does not demonstrate that Pasqualone knowingly, intelligently, and voluntarily waived his Sixth Amendment confrontation right to confront the analyst.
 {¶ 55} Pasqualone's second assignment of error has merit to the extent indicated.
 {¶ 56} The judgment of the trial court is reversed. This matter is remanded to the trial court to conduct a new trial.
MARY JANE TRAPP, J., concurs,
DIANE V. GRENDELL, J., concurs in part, dissents in part, with a Dissenting Opinion.