THE STATE OF OHIO, APPELLANT, *v.* PASQUALONE, APPELLEE.

[Cite as *State v. Pasqualone,* 121 Ohio St.3d 186, 2009-Ohio-315.]

(No. 2007–2443—Submitted October 8, 2008—Decided February 4, 2009.)

O'CONNOR, J.

{¶ 1} In this case, a state laboratory analyst tested a substance that was found in the possession of defendant-appellee, Thomas Pasqualone, during a traffic stop. It was determined to be cocaine. Under R.C. 2925.51, Pasqualone could have demanded that the analyst testify at his trial by following the statutory procedures upon his receipt of the analyst's report prior to trial. He did not do so, and the report was admitted into evidence without the analyst's testimony. The jury found him guilty of drug possession. However, the court of appeals reversed the conviction, finding that Pasqualone's Sixth Amendment right to confrontation had been violated.

{¶ 2} The pivotal issue in this appeal is whether Pasqualone validly waived his statutorily provided opportunity to demand that the analyst testify at his trial.

For the reasons that follow, we hold that Pasqualone did validly waive the opportunity to cross-examine the analyst and that the analyst's report was properly admitted as prima facie evidence of the test results. Accordingly, we reverse the judgment of the court of appeals.

## I.  Relevant Background

{¶ 3} On November 9, 2005, Trooper Jason Bonar of the Ohio State Highway Patrol stopped Pasqualone's vehicle after observing several traffic violations. Pasqualone responded to Trooper Bonar's request to produce his driver's license by stating that he was not allowed to have a license. Trooper Bonar confirmed that Pasqualone's driver's license was suspended, placed him under arrest, and conducted a search incident to the arrest, finding in one of Pasqualone's pockets a cellophane wrapper from a pack of cigarettes that contained a "large white rock."

{¶ 4} After Trooper Bonar read Pasqualone his *Miranda* rights, he asked, "[W]hat is this?  Is it meth or crack?"  Pasqualone replied, "I'm not sure what they gave me."  Trooper Bonar's field test of the object yielded a positive result for cocaine base.  A subsequent laboratory analysis conducted at the Ohio State Highway Patrol Crime Laboratory concluded that the rock was 0.446 grams of cocaine.

{¶ 5} Pasqualone was indicted on one count of possession of cocaine, pursuant to R.C. 2925.11, and pleaded not guilty to the charge.  On February 10, 2006, the prosecuting attorney provided to Pasqualone's attorney a copy of the laboratory report indicating that the object was cocaine.  The report included the statement "This report shall not be prima-facie evidence of the contents, identity, and weight or the existence and number of unit doses of the substance if the accused or [the accused's] attorney demands the testimony of the person signing the report, by serving the demand upon the prosecuting attorney within seven days from the accused or the accused's attorney's receipt of the report.  The time may be extended by a trial [judge] in the interests of justice." [1]  See R.C. 2925.51(C). Pasqualone did not demand the testimony of the person who signed the report.

{¶ 6} During Pasqualone's jury trial, the state offered the laboratory report into evidence over Pasqualone's objection that his Sixth Amendment Confrontation Clause rights would be violated if he was not permitted to cross-examine the laboratory analyst who had conducted the testing and signed the report.  The trial court decided that Pasqualone had waived the right to cross-examine the analyst by failing to demand the analyst's testimony within seven days of Pasqualone's attorney's receipt of the report pursuant to the opportunity afforded

---

1.  The laboratory report also included other information consistent with the requirements of R.C. 2925.51.

by R.C. 2925.51. The trial court accordingly overruled Pasqualone's objection, and the report was admitted into evidence.[2] The jury ultimately found Pasqualone guilty of possession of cocaine.

{¶ 7} On appeal, Pasqualone argued, inter alia, that the admission of the report pursuant to R.C. 2925.51 violated his Confrontation Clause rights. A divided panel of the Eleventh District Court of Appeals reversed the conviction and remanded the cause for a new trial. *State v. Pasqualone*, Ashtabula App. No. 2007–A–0005, 2007-Ohio-6725, 2007 WL 4376223, ¶ 54–56. As its starting point, the court of appeals determined that the laboratory report was "testimonial" in nature pursuant to *Crawford v. Washington* (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177.[3] 2007-Ohio-6725, 2007 WL 4376223 at ¶ 44.

{¶ 8} The majority then concluded that Pasqualone had not validly waived his Confrontation Clause rights by failing to demand the testimony of the analyst pursuant to R.C. 2925.51. Id. at ¶ 54. In particular, the court of appeals reasoned that in this situation an attorney cannot "waive confrontation rights on behalf of his or her client" and that a waiver cannot "be accomplished by a warning contained in the report, which is only served on the defendant's attorney." Id. at ¶ 48, 52. The appellate court further reasoned that the record must "affirmatively demonstrate" that the defendant waived his right to confront the analyst, id., but that the record here did not demonstrate such an affirmative waiver. Id. at ¶ 54.

{¶ 9} The dissenter on the waiver issue at the court of appeals concluded, "[a]ssuming, arguendo, such reports are testimonial," that Pasqualone's failure to demand the testimony of the signer of the report under R.C. 2925.51(C) constituted a valid waiver of his right to confrontation and did not violate his constitutional rights. Id. at ¶ 60, 65 (Grendell, J., concurring in part and dissenting in part). The dissenter concluded that a defendant who does not exercise his opportunity to cross-examine a report's preparer does not waive his Sixth Amendment right to confrontation for all purposes, but merely declines to exercise that right as to a particular witness. Id. at ¶ 62. The dissenter further reasoned that the decision to cross-examine a particular witness is a "tactical decision" within the discretion

---

2. In response to the argument of Pasqualone's attorney that the state was required to present the testimony of the analyst regardless of whether Pasqualone had demanded the analyst's testimony, the trial court stated, "[I]t's really not in dispute as to what the substance is," and "[T]he jury can consider [the report] for what it's worth."

3. The court of appeals issued its decision in this case on December 14, 2007, which was shortly before we announced our decision in *State v. Crager*, 116 Ohio St.3d 369, 2007-Ohio-6840, 879 N.E.2d 745, on December 27, 2007. In *Crager*, at paragraph one of the syllabus, we held that records of scientific tests are not "testimonial" under *Crawford v. Washington* (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177.

of a defendant's trial counsel and that Pasqualone did not have to personally approve that decision for it to be valid. Id. at ¶ 63.

{¶ 10} We accepted the state's discretionary appeal for review on two discrete propositions of law. See 117 Ohio St.3d 1457, 2008-Ohio-1635, 884 N.E.2d 66.

## II. Analysis

{¶ 11} The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him."

{¶ 12} The state's first proposition asserts that admission of a laboratory report pursuant to R.C. 2925.51 does not violate the Confrontation Clause because the report is not "testimonial." We acknowledge that our decision in *State v. Crager*, 116 Ohio St.3d 369, 2007-Ohio-6840, 879 N.E.2d 745, strongly supports the argument that the report is not testimonial.[4] However, based on our resolution of the state's second proposition of law, we do not address this issue. We determine that regardless of whether the report is testimonial, Pasqualone validly waived his right to cross-examine the analyst by failing to exercise the opportunity to demand the analyst's testimony afforded by R.C. 2925.51.

### A

{¶ 13} Waiver is the intentional relinquishment or abandonment of a known right. *United States v. Olano* (1993), 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508. See *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 23. "Whether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake." *Olano*, 507 U.S. at 733, 113 S.Ct. 1770, 123 L.Ed.2d 508.

{¶ 14} It is a well-established principle that Confrontation Clause rights, like other constitutional rights, can be waived. See *Brookhart v. Janis* (1966), 384 U.S. 1, 4, 86 S.Ct. 1245, 16 L.Ed.2d 314; *Hawkins v. Hannigan* (C.A.10, 1999),

---

4. Pasqualone points out that at the time this case was argued and submitted to this court, a pending case before the United States Supreme Court raised the question "[w]hether a state forensic analyst's laboratory report prepared for use in a criminal prosecution is 'testimonial' evidence subject to the demands of the Confrontation Clause as set forth in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)." See *Melendez–Diaz v. Massachusetts* (2008), —— U.S. ——, 128 S.Ct. 1647, 170 L.Ed.2d 352 (entry of March 17, 2008 granting writ of certiorari as case No. 07–0591). Because we resolve this appeal solely on waiver grounds, the United States Supreme Court's potential decision in *Melendez–Diaz* on the *Crawford*-related issue will not affect our conclusion in this case.

185 F.3d 1146, 1154 ("There is no doubt that a defendant may waive" the right to confrontation). See also *Hinojos–Mendoza v. People* (Colo.2007), 169 P.3d 662, 668 (United States Supreme Court's decision in *Crawford v. Washington* "did not alter the fact that the right to confrontation can be waived"); *Magruder v. Commonwealth* (2008), 275 Va. 283, 295, 657 S.E.2d 113 (*Crawford* did not speak to the issue of waiver of right to confrontation). The court of appeals did not disagree with the general principle that Confrontation Clause rights can be waived, see 2007-Ohio-6725, 2007 WL 4376223, ¶ 54, but held that Pasqualone's constitutional rights were violated in the specific circumstances of this case.

{¶ 15} We must therefore examine whether Pasqualone's waiver pursuant to the operation of the statute was valid. The procedures set forth in R.C. 2925.51 establish the parameters of this inquiry. Although all of the statutory provisions of R.C. 2925.51(A) through (D) are relevant, we summarize the most pertinent provisions to set the stage for our consideration.

{¶ 16} The statute specifically details the information that the report must contain, R.C. 2925.51(A), and places a specific obligation on the prosecuting attorney to serve the report on the accused or the accused's attorney, R.C. 2925.51(B). The statute also requires that the report must contain notice of the accused's right to demand the testimony of the signer of the report, R.C. 2925.51(D), and specifies that the report will not be prima facie evidence of the test results if the accused or his attorney (if he is represented by one) demands the testimony of the report's signer by serving the demand upon the prosecuting attorney within seven days of the accused's attorney's receipt of the report, a time that can be extended by the trial judge, R.C. 2925.51(C). The obvious import of R.C. 2925.51(C) is that if a demand is not made for the testimony of the signer of the report, the report will be prima facie evidence of the test results.

{¶ 17} An examination of the report at issue in this case indicates that it fully complied with R.C. 2925.51, and Pasqualone concedes that the report and the prosecuting attorney's service of it complied with all statutory procedures.

*B*

{¶ 18} Contrary to the reasoning of the appellate court majority in this case, a number of Ohio appellate courts have held that a defendant who fails to demand the testimony of the signer of the report waives the right to cross-examine that person if the prosecution complied with the requirements of R.C. 2925.51. See, e.g., *State v. Clark*, 11th Dist. Nos. 2001–P–0031, 2001–P–0033, 2001–P–0034, 2001–P–0057, and 2001–P–0058, 2004-Ohio-334, 2004 WL 144238, ¶ 68 ("If Clark wished to cross-examine the individual who signed the report, he needed to demand the testimony within seven days of receipt of the report. [R.C. 2925.51(C).] This was not done. Therefore, the trial court did not err by admitting the report without the testimony of the person who signed the report");

*State v. Shields* (Nov. 17, 1983), 5th Dist. No. CA–83–3, 1983 WL 7146, *2 ("the accused, through his counsel, was timely served with a copy of the report and waived any objection to the admission of the document as prima facie evidence of the truth of the items therein contained by failure to make the required demand authorized under R.C. 2925.51"); *State v. Fleming* (May 10, 1983), 10th Dist. No. 82AP–813, 1983 WL 3503, *3 ("defendant waived his right of confrontation of the analyst by failing to demand the analyst's testimony").

{¶ 19} In *State v. Smith*, 3d Dist. No. 1–05–39, 2006-Ohio-1661, 2006 WL 846342, ¶ 18, the Third District Court of Appeals held that "a criminal defendant can waive his confrontation rights by failing to demand the testimony of the laboratory technicians under R.C. 2925.51(C)." The *Smith* court also stated, "In the ordinary case the State can utilize the evidentiary procedures outlined in R.C. 2925.51 to submit the laboratory report as evidence without the accompanying testimony, and if the defendant does not demand the testimony he or she waives the right to confrontation. The provisions in the statute, particularly the requirements in subsections (A) and (B), sufficiently protect the defendant's Confrontation Clause rights." Id. at ¶ 26.

{¶ 20} The Third District in *Smith* held that the report served on the defendant in that case was deficient in a number of respects. For example, the court found the report deficient because it did not mention that a failure to demand the testimony of the analyst would allow the report to serve as prima facie evidence of its results. See id. at ¶ 24. The court in *Smith* held that the report complied with the minimal requirements of R.C. 2925.51(D), but failed to give adequate notice of the right being waived. Id. at ¶ 25. Because the report at issue in the case sub judice did provide notice of the consequences of the failure to demand the analyst's testimony, and also complied with R.C. 2925.51 in all respects, this case is distinguishable from that part of the analysis in *Smith*.

{¶ 21} We determine that a valid waiver occurs in the situation presented by the case sub judice. We specifically disagree with two conclusions reached by the appellate court in this case, which discounted the above decisions and reached an opposite result.

### C

{¶ 22} First, we disagree with the court of appeals' specific conclusion, which was the principal emphasis of its analysis, that an attorney cannot "waive confrontation rights on behalf of his or her client" in the situation here. See 2007-Ohio-6725, 2007 WL 4376223, ¶ 48. That conclusion is belied by the holdings of a number of courts that have reasoned that a defendant's counsel generally is capable of waiving Confrontation Clause rights without the specific approval of the defendant.

{¶ 23} It is true that some rights can be waived only by a defendant personally, after he or she is fully informed of them. Among such rights are the right to counsel, *Johnson v. Zerbst* (1938), 304 U.S. 458, 464–465, 58 S.Ct. 1019, 82 L.Ed. 1461, and the right to plead not guilty, *Brookhart*, 384 U.S. at 7–8, 86 S.Ct. 1245, 16 L.Ed.2d 314. Other basic choices so important that they must be waived by a defendant personally include whether " 'to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal.' " See *Florida v. Nixon* (2004), 543 U.S. 175, 187, 125 S.Ct. 551, 160 L.Ed.2d 565, quoting *Jones v. Barnes* (1983), 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987.

{¶ 24} However, as to other rights, a lawyer must have "full authority to manage the conduct of the trial. The adversary process could not function effectively if every tactical decision required client approval." *Taylor v. Illinois* (1988), 484 U.S. 400, 418, 108 S.Ct. 646, 98 L.Ed.2d 798. "As to many decisions pertaining to the conduct of the trial, the defendant is 'deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." ' *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L.Ed. 955 (1880)). Thus, decisions by counsel are generally given effect as to what arguments to pursue, * * * what evidentiary objections to raise, * * * and what agreements to conclude regarding the admission of evidence * * *. Absent a demonstration of ineffectiveness, counsel's word on such matters is the last." *New York v. Hill* (2000), 528 U.S. 110, 115, 120 S.Ct. 659, 145 L.Ed.2d 560.

{¶ 25} In *United States v. Plitman* (C.A.2, 1999), 194 F.3d 59, 63, the Second Circuit observed that the rights that defense counsel may waive on a defendant's behalf "because they concern strategic and tactical matters" include selective introduction of evidence, stipulations, objections, and pretrial motions. In *Plitman*, the court recognized that courts should accord proper weight to defense counsel's role in representing a client, including regarding waiver of the right to confrontation, viewing such a decision as a matter of trial tactics or strategy. Id. at 64.

{¶ 26} Consistent with the above reasoning, most courts that have considered this issue have determined that the Confrontation Clause right implicated in this case is one of the rights that can be waived by counsel. See *Gonzalez v. United States* (2008), 553 U.S. ——, 128 S.Ct. 1765, 1774, 170 L.Ed.2d 616 (Scalia, J., concurring) ("I doubt many think that the Sixth Amendment right to confront witnesses cannot be waived by counsel").

{¶ 27} In *Hinojos–Mendoza*, the Supreme Court of Colorado construed a Colorado statute similar to R.C. 2925.51 that requires a defendant to request prior to trial that a lab technician testify, or the lab report is admitted into evidence without the technician's in-court testimony. See 169 P.3d at 668. The

court held that defense counsel "may waive a defendant's right to confront the technician who prepared a lab report by not complying with [statutory] procedural requirements. * * * [W]here a defendant such as Hinojos–Mendoza is represented by counsel, the failure to comply with the statutory prerequisites * * * waives the defendant's right to confront the witness just as the decision to forgo cross-examination at trial would waive that right." Id. at 670. That court also noted that unlike a situation in which a defendant is waiving a right to a jury trial, a trial court "does not need to make sure that the attorney's failure to comply with [the technician-request statute] reflects the informed and voluntary decision of the defendant." Id. at 670, fn. 6.

{¶ 28} As the dissenting judge in the appellate court reasoned:

{¶ 29} "[H]undreds of cases * * * stand for the proposition that the decision to cross-examine a witness, particularly laboratory technicians, is a 'tactical decision' within the discretion of a defendant's trial counsel. State v. Frazier, 115 Ohio St.3d 139, [2007-Ohio-5048, 873 N.E.2d 1263], at ¶ 220; State v. Foust, 105 Ohio St.3d 137, [2004-Ohio-7006, 823 N.E.2d 836], at ¶ 93 and ¶ 125; State v. Russell, 2nd Dist. No. 21458, 2007-Ohio-137 [2007 WL 93202], at ¶ 55 ('[t]rial counsel's decision to cross-examine a witness and the extent of such cross-examination are tactical matters') (citations omitted); State v. Harco, 11th Dist. No. 2005–A–0077, 2006-Ohio-3408 [2006 WL 1816938], at ¶ 37 [quoting State v. Treesh (2001), 90 Ohio St.3d 460, 490, 739 N.E.2d 749] ('[t]he decision to call a witness is "within the rubric of trial strategy and will not be second-guessed by a reviewing court" ') * * *. Taken to its logical conclusion, the majority's holding would require trial counsel to obtain the defendant's knowing, voluntary, and intelligent consent before foregoing the cross-examination of any witness, an obviously impossible situation.

{¶ 30} "Just as significantly, the drafters of R.C. 2925.51 recognized that the decision not to cross-examine the technician who has prepared a laboratory report is within the competence of trial counsel and does not require the defendant's knowing, voluntary, and intelligent consent. For this reason, the statute provides '[t]he prosecuting attorney shall serve a copy of the report on the attorney of record for the accused, or on the accused if the accused has no attorney * * *.' R.C. 2925.51(B)." 2007-Ohio-6725, 2007 WL 4376223, ¶ 63–64 (Grendell, J., concurring in part and dissenting in part).

{¶ 31} We agree with the reasoning of the dissent on this issue, which is consistent with the view expressed in Hinojos–Mendoza and other cases. The decision whether to cross-examine a particular witness is a tactical decision ultimately controlled by a defendant's trial counsel. We therefore disagree with the appellate court majority's view that an attorney is not capable of waiving a client's Confrontation Clause rights in an R.C. 2925.51 situation.

{¶ 32} When a defendant who is represented by counsel does not demand the testimony of the analyst pursuant to R.C. 2925.51, it can be presumed that the attorney is acting in the best interests of the client, and a trial court is not obligated to conduct a specific inquiry of the defendant to determine if the situation might possibly be otherwise. See *Hinojos–Mendoza*, 169 P.3d at 670, fn. 6. We do not share the concern of the majority of the appellate court, see 2007-Ohio-6725, 2007 WL 4376223, ¶ 50, that a defendant's constitutional rights are compromised when the defendant is not personally served with the report. Like the dissenting judge below, we perceive no inherent infirmity in the statutory directive that the report is not to be served on the defendant personally if the defendant is represented by an attorney.

{¶ 33} For the foregoing reasons, we hold that an attorney may waive a client's Sixth Amendment right to confrontation in the appropriate situation. We further determine that the facts of this case present such an appropriate situation.

*D*

{¶ 34} Our second specific point of disagreement with the reasoning of the majority of the appellate court concerns its conclusion that R.C. 2925.51 is deficient because it does not require an affirmative demonstration by the accused that he does not wish to demand the testimony of the analyst. As established above, a defendant's attorney is capable of waiving his or her client's Confrontation Clause rights, and it is unnecessary for a trial judge to ensure that a defendant personally wishes to waive the opportunity to cross-examine the analyst. In light of that conclusion, we separately consider whether R.C. 2925.51 operates to unduly impede a criminal defendant's exercise of constitutional rights in that it requires the defendant to take affirmative steps to have the analyst testify at trial.

{¶ 35} The relevant question for purposes of this inquiry under the Confrontation Clause is whether the defendant had an *opportunity* for cross-examination. See *United States v. Owens* (1988), 484 U.S. 554, 559, 108 S.Ct. 838, 98 L.Ed.2d 951; *Davis v. Alaska* (1974), 415 U.S. 308, 317, 94 S.Ct. 1105, 39 L.Ed.2d 347, fn. 4, quoting *Greene v. McElroy* (1959), 360 U.S. 474, 496, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (primary reason for protecting an accused's right to confrontation is to provide the defendant an " 'opportunity to show that [the evidence against the accused] is untrue' ").

{¶ 36} "Assuming the opportunity for confrontation is provided, the right to confrontation is not denied because the prosecution is allowed to present testimony which the defendant chooses not to cross-examine. * * * In other words, where a defendant chooses not to take advantage of the opportunity to cross-examine a witness, the defendant has not been denied his constitutional right to confrontation." *Hinojos–Mendoza*, 169 P.3d at 668.

{¶ 37} In *State v. Campbell* (N.D.2006), 719 N.W.2d 374, the Supreme Court of North Dakota interpreted a statute that allows a criminal defendant to subpoena the author of an analytical report. That court concluded: "The statute provided [the defendants] with the opportunity to subpoena the forensic scientist. They did not avail themselves of that opportunity. There may have been strategic reasons for not doing so. As a matter of trial tactics, subpoenaing the scientist, unless there are very sound reasons for challenging the report's accuracy, could elevate the importance of the report to the fact-finder. It is the opportunity to confront that is constitutionally required. This right can be waived. * * * Because neither [defendant] attempted to subpoena the forensic scientist as provided by statute, they have waived their ability to complain of a constitutional violation." Id. at 378.

{¶ 38} In upholding the constitutionality of the technician-request statute under review in *Hinojos–Mendoza*, 169 P.3d at 668, the Supreme Court of Colorado stated, "The procedure provided in [the statute] for ensuring the presence of the lab technician at trial does not deny a defendant the opportunity to cross-examine the technician, but simply requires that the defendant decide prior to trial whether he will conduct a cross-examination. The statute provides the opportunity for confrontation—only the timing of the defendant's decision is changed."

{¶ 39} Our review of the above authorities and our consideration of the specifics of R.C. 2925.51 lead us to conclude that the statute adequately protects the Confrontation Clause rights of a criminal defendant by affording a reasonable opportunity to demand the testimony of the analyst who signed the report, so that the analyst may be cross-examined. We agree with the Third District's statement in *State v. Smith*, 2006-Ohio-1661, 2006 WL 846342, at ¶ 26, that "[t]he provisions in the statute, particularly the requirements in subsections (A) and (B), sufficiently protect the defendant's Confrontation Clause rights." Additionally, we agree with that court's statement that "nothing in *Crawford* or in the text of the Sixth Amendment requires that the right of confrontation must occur at trial; the Amendment merely states that the defendant has the right to confrontation during the course of prosecution. * * * The 'prosecution' has commenced once the defendant has been indicted." Id. at ¶ 18. This reasoning is consistent with that of the courts of other states that interpreted similar statutes.

{¶ 40} There are other situations in which a defendant's failure to exercise potential opportunities prior to trial results in a valid waiver through inaction. For example, Crim.R. 12(C) provides that certain motions "must be raised before trial," including for example, defenses and objections based on defects in the institution of the prosecution, Crim.R. 12(C)(1), certain defenses and objections based on defects in the indictment, information, or complaint, Crim.R. 12(C)(2),

and certain motions to suppress evidence, Crim.R. 12(C)(3). Crim.R. 12(H) provides that the failure by the defendant to raise these defenses or objections "or to make requests that must be made prior to trial * * * shall constitute waiver of the defenses or objections," unless the court grants relief for good cause shown. See *State v. Campbell* (1994), 69 Ohio St.3d 38, 44, 630 N.E.2d 339 ("By failing to file a motion to suppress illegally obtained evidence, a defendant waives any objection to its admission").

{¶ 41} In addition, Crim.R. 12.1 provides that if a defendant fails to provide written notice prior to trial of his intention to claim alibi, the court may exclude alibi evidence unless the interests of justice require otherwise. See generally *State v. Smith* (1985), 17 Ohio St.3d 98, 17 OBR 219, 477 N.E.2d 1128, paragraph one of the syllabus (upholding Crim.R. 12.1 as constitutional). As a further example, in *State v. French* (1995), 72 Ohio St.3d 446, 449, 650 N.E.2d 887, we held that a defendant who does not file a pretrial motion to suppress breath-alcohol test results based on the state's alleged failure to comply with Administrative Code regulations may not object to the admissibility of the test results at trial on those grounds. We stated that a defendant in such a situation "waives the requirement on the state to lay a foundation for the admissibility of the test results at trial." Id. at 451, 650 N.E.2d 887.

{¶ 42} One of the obvious goals underlying R.C. 2925.51 is to establish *prior to trial* whether the analyst who signed the laboratory report will testify. We find it of particular importance for purposes of considering the issue here that R.C. 2925.51(C) specifically provides that the time limit for demanding the testimony of the report's signer "may be extended by a trial judge in the interests of justice." Notably, Pasqualone could have invoked this provision at any time prior to trial and asked the trial judge to dispense with the seven-day demand deadline if he had wished to cross-examine the analyst, but he failed to do so. We agree with the trial judge that Pasqualone waited too long by not asserting until the trial was well underway that he should be able to cross-examine the analyst. We see nothing inherently unfair in finding a valid waiver in this situation.[5]

{¶ 43} In light of the foregoing analysis, we hold that when the state has complied with its obligations under R.C. 2925.51, a defendant's failure to use the procedures of R.C. 2925.51(C) to demand that a laboratory analyst testify constitutes a waiver of the opportunity to cross-examine the analyst at trial and allows the analyst's report to be admitted as prima facie evidence of the test results.

---

5. The state subpoenaed the analyst who signed the report to testify at trial, and that the analyst was unavailable on the date of the trial. However, those circumstances are irrelevant to our consideration because Pasqualone waived his opportunity to cross-examine the analyst by not demanding the analyst's testimony pursuant to R.C. 2925.51(C).

### III. Conclusion

{¶ 44} We hold that an accused's attorney is capable of waiving his client's right to confrontation by not demanding that a laboratory analyst testify pursuant to the opportunity afforded by R.C. 2925.51, because whether to cross-examine a particular witness is properly viewed as a decision relating to trial tactics or strategy. We also hold that the procedures of R.C. 2925.51 adequately protect an accused's right to confrontation, so that an accused who fails to demand the testimony of the analyst pursuant to R.C. 2925.51(C) validly waives his opportunity to cross-examine the analyst. We reverse the judgment of the court of appeals and reinstate Pasqualone's conviction and sentence.

Judgment reversed.

MOYER, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, and DINKELACKER, JJ., concur.

PFEIFER, J., concurs in judgment only.

PATRICK DINKELACKER, J., of the First Appellate District, sitting for CUPP, J.

————————

Thomas L. Sartini, Ashtabula County Prosecuting Attorney, and Shelley M. Pratt, Assistant Prosecuting Attorney, for appellant.

Guarnieri & Secrest, P.L.L., and Deborah L. Smith, for appellee.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Elisabeth A. Long, Deputy Solicitor, and Kelly A. Borchers, Assistant Solicitor, urging reversal for amicus curiae, Attorney General of Ohio.