[Cite as *State v. Lewandowski*, 2023-Ohio-742.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio/City of Perrysburg          Court of Appeals No.    WD-22-010
                                                                 WD-22-011

        Appellee                          Trial Court No.  CRB-21-000872
                                                           CRB-20-01220A

v.

Shane P. Lewandowski, Sr.                 **<u>DECISION AND JUDGMENT</u>**

        Appellant                         Decided:  March 10, 2023

* * * * *

Chynna L. Fifer, City of Perrysburg
Prosecuting Attorney, for appellee.

Dan M. Weiss, for appellant.

* * * * *

**DUHART, J.**

**{¶ 1}** Appellant, Shane Lewandowski, Sr., appeals from: (1) his conviction in

Perrysburg Municipal Court case No. CRB-21-00872 for violation of a protection order;

and (2) the revocation of his probation in Perrysburg Municipal case No. CRB-20-01220

based on the protection order violation.  For the reasons that follow, we affirm the

judgment of the trial court.

## Statement of the Case and Relevant Facts

{¶ 2} Appellant was charged with domestic violence, a first-degree misdemeanor, on November 12, 2020, in case No. CRB-20-01220. On July 23, 2021, appellant pleaded guilty to the charge. The trial court sentenced appellant to serve 180 days in the Wood County Justice Center, with 150 days suspended. In addition, the trial court issued a no contact order with the victim, and ordered a three-year period of probation.

{¶ 3} On December 9, 2021, appellant entered a no contest plea to the charge of violating a protection order, also a first-degree misdemeanor, in case No. CRB21-00872. The circumstances of the violation involved appellant's having had contact with the victim and their two-year-old child in the parking lot of the doctor's office where the child was being treated for an illness. Once again, the trial court sentenced appellant to serve 180 days in the Wood County Justice Center, with 150 days suspended. The trial court ordered that the days be served concurrently with the days imposed in case No. CRB20-01220. In addition, the trial court ordered a two-year period of probation.

{¶ 4} On December 16, 2021, while appellant was serving his concurrent 30-day sentence, the trial court held a hearing on appellant's violation of the terms of his probation in case No. CRB20-1220. The basis of probation violation was appellant's conviction in case No. CRB21-00872 for violation of the protection order. Appellant admitted to the probation violation.

{¶ 5} At the hearing, the prosecutor informed the trial court that appellant was scheduled to go to trial on additional criminal charges in Ottawa County on February 22, 2022, and that the victim was concerned that if appellant were released from Wood

2.

County before that date, "there would be further violations." Arguing on appellant's behalf, defense counsel pointed out that "when [appellant] was released at Ottawa County he was wearing an ankle bracelet – which kept him at a distance from [the victim] – and a GPS monitor." Defense counsel added that appellant was "not interested in getting a new charge, certainly."

{¶ 6} After hearing from counsel for both sides, the victim, and appellant, the trial court sentenced appellant to serve all of the remaining days in case No. CRB20-1220. The trial court further ordered that upon completion of the time served, appellant's probation be terminated as unsuccessful.

{¶ 7} It is from the trial court's decision of December 9, 2021, that appellant appeals.

## Assignment of Error

{¶ 8} Appellant asserts the following assignment of error on appeal:

I. Appellant received ineffective assistance of counsel.

## Analysis

{¶ 9} To establish ineffective assistance of counsel, appellant must show "(1) that counsel's performance was deficient, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's deficient performance prejudiced [appellant], i.e., that there is a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Drain*, --- Ohio St.3d ---, 2022-Ohio-3697, --- N.E.3d ---, ¶ 36, citing *Strickland v. Washington*, 466

3.

U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 142-143, 538 N.E.2d 373 (1989).

{¶ 10} Ineffective assistance of counsel can affect the voluntariness of a no contest plea when "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel." (Emphasis omitted.) *Id.* at ¶ 37, quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In those situations, "'the voluntariness of the plea depends on whether counsel's advice was "within the range of competence demanded of attorneys in criminal cases."'" *Id.*, quoting *Hill* at 56, quoting *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). "Because "effective assistance" may involve different approaches or strategies, our scrutiny of trial counsel's performance 'must be highly deferential' with a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *State v. Whitman*, 2021-Ohio-4510, 182 N.E.3d 506, ¶ 51 (6th Dist.), quoting *Bradley* at 142, quoting *Strickland* at 689.

{¶ 11} "'[W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty [or no contest] and would have insisted on going to trial.'" *Id.* at ¶ 38, citing *Lee v. United States,* --- U.S. ---, 137 S.Ct. 1958, 1965, 198 L.Ed.2d 476 (2017), quoting *Hill* at 59. In addition, "'where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will

4.

depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.'" (Emphasis omitted.) *Id.*, quoting *Hill* at 59.

{¶ 12} In the instant case, appellant does not argue that his counsel's alleged errors precluded him from knowingly, intelligently, and voluntarily entering his no contest plea. He also does not argue that, but for his counsel's alleged errors, he would not have pleaded no contest and would have insisted on going to trial. Neither does he claim that his counsel erred in failing to investigate or discover potentially exculpatory evidence.

{¶ 13} Instead, appellant argues that his trial counsel fell below the objective standard of reasonable representation in advising appellant to enter a plea *on December 9, 2021*, rather than "[d]elaying Appellant's plea and *seeking a global settlement* in Perrysburg Municipal Court." (Emphasis added.) According to appellant, because the state had only the victim's testimony to support its allegations, the protection order violation "could not be proven beyond a reasonable doubt," and, therefore, had appellant's counsel proceeded to *pre-trial,* the outcome of the case "would have been different." (Emphasis added.) There are several problems with appellant's argument. First, there is nothing in the record to suggest that the state's reliance on the testimony of the victim in this case would be insufficient to support a conviction. And second, there is nothing in the record or in the pleadings to suggest either that proceeding to pre-trial would have improved appellant's position in this case or that appellant's counsel, in failing to proceed to pre-trial, somehow hampered that position.

{¶ 14} The record establishes that the complaint for violation of the protection order, in case No. CBR21-00872, was the second case involving the same victim within

approximately one year's time. It was filed less than a month after sentencing on the domestic violence charge in case No. CBR20-01220. Appellant never disputed the protection order violation, and, instead, admitted to the allegations.

{¶ 15} Trial counsel, in advising appellant to plead no contest, without delay, on December 9, 2021, appears to have made a tactical decision. Inasmuch as there is nothing in the record to indicate that a delay in the proceedings would have led to any change in the outcome of the case, let alone in appellant being offered a more advantageous "global settlement," we find that this tactical decision did not give rise to a claim for ineffective assistance of counsel. *See State v. Warner*, 8th Dist. Cuyahoga No. 95750, 2012-Ohio-256, ¶ 11, citing *State v. Pasqualone,* 121 Ohio St.3d 186, 2009-Ohio-315, 903 N.E.2d 270 and *State v. Frazier*, 115 Ohio St.3d 139, 2007-Ohio-5048, 873 N.E.2d 1263 (Noting that ineffective assistance of counsel arguments predicated upon such things as trial counsel's failure to request a continuance fail because they involve "strategic choices of counsel that[fall] within the realm of trial strategy and tactics that will not ordinarily be disturbed on appeal.").

{¶ 16} In addition to failing to showing deficient performance on the part of counsel, appellant fails to demonstrate prejudice resulting from counsel's strategic decision. Appellant's bald assertion that a delay in this case would have led to a "different," and presumably more favorable, outcome for appellant is speculative at best. "[S]peculative claims do not support a finding of ineffective assistance." *State v. Taft*, 6th Dist. Huron No. H-18-003, 2019-Ohio-1565, ¶ 51.

6.

**{¶ 17}** Having found that appellant has not demonstrated that his trial counsel's performance was deficient or prejudicial, we reject appellant's ineffective assistance of counsel claim. Accordingly, appellant's assignment of error is not found well-taken, and the judgment of the Perrysburg Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                                    _____
                                                                                JUDGE

Christine E. Mayle, J.

                                            _____
Myron C. Duhart, P.J.                                    JUDGE
CONCUR.

                                            _____
                                                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.